233 So.2d 923 (1970)
255 La. 1029
STATE of Louisiana ex rel. Oris ARDOIN
v.
C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.
No. 50259.
Supreme Court of Louisiana.
March 30, 1970.
Rehearing Denied May 4, 1970.
Joseph E. Coreil, Ville Platte, for appellant.
Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., L. O. Fusilier, Dist. Atty., J. William Pucheu, Asst. Dist. Atty., for appellees.
SUMMERS, Justice.
Relator, Oris Ardoin, pled guilty to four counts of simple burglary in the Thirteenth Judicial District Court, Evangeline Parish. He was sentenced on May 20, 1963 to serve seven years imprisonment in the Louisiana State Penitentiary at Angola, Louisiana, on each count, to run consecutively. He has since been imprisoned in the State Penitentiary.
Relator addressed a petition for habeas corpus to the trial court on August 28, 1969 based upon the contention that at the time of the guilty pleas and sentences relator did not request counsel, nor was he advised of his constitutional right to counsel, and he was not represented by counsel. The inference we gain from the record is that relator was, and is, indigent. When no action was taken on this petition, relator applied to this Court, and on November 7, 1969 a writ of mandamus was issued to the trial court ordering a full evidentiary hearing on relator's petition for habeas corpus, 254 La. 832, 227 So.2d 374. After *924 a full hearing, the petition was denied. He then applied to this Court to review those proceedings. We granted review under our supervisory jurisdiction. Counsel has been appointed to represent relator on this review.
The minutes of the trial court of May 20, 1963 recording the guilty pleas and sentences are silent regarding whether relator was represented by counsel, whether he was advised of his right to counsel or if he had waived his right to counsel. In his per curiam concerning the hearing of November 21, 1969 on relator's petition for habeas corpus, the trial judge states that relator "was arraigned in the usual and customary manner of the year 1963" without disclosing what the "usual and customary" manner of arraignment consisted of at that time. The State's brief, however, sets forth that
It has always been the policy of the District Attorney and the Judge of the Thirteenth Judicial District Court in and for the Parish of Evangeline, State of Louisiana, to adequately inform accused persons of their constitutional rights. The mere silence of a record, or minutes of the court, is no proof, in the opinion of the state, that this policy was not followed.
From this we gather that the "usual and customary" manner referred to by the trial judge has reference to the failure to record in the minutes of court the fact that the accused was advised of his constitutional rights.
On March 18, 1963, just two months before the guilty pleas and sentences of relator, the United States Supreme Court decided the historic case of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963).
In overruling Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942) the Court observed that ten years before Betts v. Brady, after full consideration of the historical data examined in Betts, the Court had unequivocally declared that "the right to the aid of counsel is of this fundamental character," meaning it was a fundamental right under the Federal Constitution made obligatory on the states by the Fourteenth Amendment. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). In concluding, the Court in Gideon declared:
In returning to these old precedents, sounder we believe than the new, we but restore constitutional principles established to achieve a fair system of justice. Not only these precedents but also reason and reflection require us to recognize that in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him. This seems to us to be an obvious truth. Governments, both state and federal, quite properly spend vast sums of money to establish machinery to try defendants accused of crime. Lawyers to prosecute are everywhere deemed essential to protect the public's interest in an orderly society. Similarly, there are few defendants charged with crime, few indeed, who fail to hire the best lawyers they can get to prepare and present their defenses. That governments hire lawyers to prosecute and defendants who have the money hire lawyers to defend are the strongest indications of the widespread belief that lawyers in criminal courts are necessities, not luxuries. The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours. From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him. 372 U.S. at 344, 83 S.Ct. at 796.
*925 The Gideon decision, as its language clearly indicates, applies to the right to assistance of counsel at a trial of an indigent defendant. It sheds no light on the solution of our problem which is: must the record in a guilty plea show that the accused was represented by counsel, or, if not, that he was advised of his right to counsel and freely and intelligently waived that right?
We have no trouble answering this question with regard to future cases, for the Legislature has provided the answer in Article 514 of the Code of Criminal Procedure (1966) which declares: "The minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to court-appointed counsel." The comments to that article explain "This requirement is a general one, and applies where a defendant is sentenced after a plea of guilty, as well as after trial and conviction."
Since our problem deals with the state of the law in 1963, we must consider its status then. In Louisiana the law relating to the issue presented was set forth in State v. Hilaire, 216 La. 972, 45 So.2d 360, decided in 1950. In that case a previous announcement in State v. Youchunas, 187 La. 281, 174 So. 356 (1937), that in felony cases the minutes of the trial court should show whether the accused had counsel, and if not, the reason why, was explicitly overruled insofar as it applied to guilty pleas. The Hilaire case has remained the law of this state since.
Defense counsel, however, does not rely upon the decisions of this court. Instead, to sustain his position, he relies upon the broad and sweeping language contained in Gideon v. Wainwright, supra, made retroactive in its effect, and Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).
Carnley v. Cochran, supra, though not involving a plea of guilty, held the defendant was entitled to counsel in a non-capital felony because of the unique provision of the child molester statutes under which defendant was being prosecuted. The Court found that the nature of the offense was such that counsel was necessary for a defense which would satisfy the requirements of due process. The decision was not based upon the proposition that all defendants were entitled to counsel in felony prosecution not involving the death penalty. Instead the decision appears to be based upon the rule of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252 (1942) which decided an indigent defendant charged with crime in a state court did not have a right under the Federal Constitution to be provided with counsel unless the Court could say "by an appraisal of the totality of facts in a given case" that the refusal to provide counsel for the particular defendant constituted "a denial of fundamental fairness, shocking to the universal sense of justice * * *." See concurring opinion of Mr. Justice Black, 369 U.S. 517, 82 S.Ct. 891.
When Gideon v. Wainwright overruled Betts v. Brady, therefore, it was speaking of cases involving counsel at the trial so that after Gideon the right to counsel became automatic under the Fourteenth Amendment insofar as counsel at the trial is concerned.
In Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 (1945) petitioner, an Indian, had pleaded guilty to a burglary charge. The case presented a complex question under a federal statute as to the Nebraska courts' authority to prosecute defendant, an Indian, since the alleged crime occurred within the original boundaries of an Indian Reservation. After his sentence, he petitioned another state District Court for a writ of habeas corpus seeking release from the penitentiary on the grounds, among others, that he had been deprived of his constitutional rights. Defendant did not claim that he had requested counsel, but alleged that he had not been advised of his right to the assistance of counsel and that he had not waived that right. *926 The petition was dismissed by the District Court. He appealed to the Nebraska Supreme Court which affirmed.
In overruling the Nebraska Supreme Court, the United States Supreme Court announced that
A defendant who pleads guilty is entitled to the benefit of counsel, and a request for counsel is not necessary. It is enough that a defendant charged with an offense of this character is incapable adequately of making his defense, and that he does not intelligently and understandingly waive counsel.
Thus, it may be seen that this decision is based upon a different set of facts from Gideon or Betts, for it involves a guilty plea and not a question of depriving defendant of counsel to defend him at a trial. It is also clear that Rice v. Olson was decided under a case by case standard and turned upon the "complexities" of the laws involved. It was not decided in Rice v. Olson that the right to counsel at a guilty plea is to be automatically accorded defendants in state trials as a federal constitutional right obligatory on the states through the Fourteenth Amendment.
We take this guarded approach to this decision, reading Gideon v. Wainwright in its most restrictive sense for two reasons: First, because of the implications of a decision holding that in the case of a guilty plea the minutes of court must affirmatively show either that the defendant was represented by counsel or that he was advised of his right to counsel and waived that right. The custom prevailed in Evangeline Parish at the time and in most other parishes of advising the accused of his constitutional rights without making a minute entry to that effect. Most guilty pleas were accepted under this usage. In the words of the Hilaire case:
For us to hold otherwise (that is, to require that the minutes disclose the situation with regard to counsel) at this time, after the several courts of this State have been accepting pleas of guilty on arraignment without assigning counsel to the accused under the practice and procedure long prevailing, would only serve as an avenue for the release of a majority of the inmates of the Louisiana State Penitentiary who are now serving under pleas of guilty.
Secondly, the Federal Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), when faced with a decision on the minute entry required to be made in a guilty plea wrote: "It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." The Court then held that the Supreme Court of Alabama, which affirmed the conviction, should be reversed "because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty." This decision, however, was not made retroactive. In our view it should not have retroactive application and will not be so applied because of the decisions in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), and because of the effect retroactive application would have upon the administration of justice. These latter two cases, holding that the record must show the voluntary character of a guilty plea under Rule 11 of the Federal Rules of Criminal Procedure, were not applied retroactively; and we consider those cases analogous to the facts before us.
We are not unaware that the Rice v. Olson decision has been applied automatically to the States by some lower federal courts. But we are not impressed with this extension of the Gideon v. Wainwright decision, and we will await a decision by the United States Supreme Court before taking this step.
Accordingly, the judgment of the District Court is affirmed.
*927 BARHAM, Justice (dissenting).
The majority appears to first assume the position that the proper answer to the issue before us is simply that the minutes need not reflect affirmatively that an accused who was arraigned and pleaded guilty on May 20, 1963, either had counsel or intelligently waived counsel. I disagree with the majority's reasoning and conclusion in this regard. However, this is not the issue before us.
Here relator first applied to the district court for writ of habeas corpus on August 28, 1969, and that court refused to act, that is, even to deny the application. Relator applied to this court for writ of habeas corpus on October 24, 1969, and we issued a writ of mandamus ordering the trial judge to "* * * grant a full evidentiary hearing on relator's petition for writ of habeas corpus * * *". On December 8, 1969, relator again applied to this court for writ of habeas corpus, and the district judge filed a per curiam which said:
"The undersigned was not the presiding judge at the time of petitioner's plea and sentence in 1963 and, therefore, had no knowledge of what transpired other than minute entries which were produced at the hearing on November 21, 1969. The minute entries revealed that petitioner was arraigned in the usual and customary manner of the year 1963. The minutes do not reveal whether or not he was advised that he might have counsel appointed if he so desired. The minutes are silent in that respect."
Relator has alleged in his applications that he was not advised of his right to counsel, that he was not afforded counsel, and that without counsel he was arraigned, entered a plea of guilty, and was sentenced to the state prison. Not only are the minutes (see per curiam of the district judge) silent in this respect, but even after our mandamus issued to the trial court ordering a full evidentiary hearing, the record is still silent in regard to whether this relator was offered counsel and waived counsel. Nowhere in our record are his allegations refuted.
We need not decide whether relator is entitled to relief because the minutes do in fact fail to reflect waiver of counsel at his arraignment. In the face of silent minutes, out of an abundance of caution and for protection to the State this court ordered an evidentiary hearing to determine whether in fact relator had the benefit of his constitutional rights. The burden was upon the State at the evidentiary hearing to produce at that time, if it could, evidence that the constitutional protection was afforded relator. The entire record before us now, even after an evidentiary hearing, fails to disclose any offering of his constitutional rights or a waiver of them, and we must therefore assume that relator was not advised of his constitutional right to counsel, did not intelligently waive counsel, and in fact was denied the right to counsel. See Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 (1945). I am of the opinion that the writ of habeas corpus should be granted, the plea of guilty and sentence set aside, and relator remanded to the trial court for further proceedings.
BARHAM, J., is of the opinion a rehearing should be granted.