239 So.2d 347

**STATE of Louisiana ex rel.
Alphonse JOHNSON**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary et al.**

**No. 50824.**

Sept. 25, 1970.

The application is denied. The showing made does not warrant the exercise of our original or supervisory jurisdiction. See State ex rel. Ardoin v. Henderson, 255 La. 1029, 233 So.2d 923.

HAMLIN, J., concurs with written reasons.

BARHAM, J., is of the opinion the writ should be granted ordering an evidentiary hearing. See written reasons assigned.

TATE, J., is of the opinion the writ ordering an evidentiary hearing should be granted and joins in Justice BARHAM'S opinion.

BARHAM, Justice.

This writ application presents squarely the question: From what date is a defendant afforded the federally imposed right to counsel at arraignment?

The minutes of court are silent in regard to whether relator had counsel. For the purpose of disposing of this writ application we must accept the relator's allegations that on May 11, 1959, he pleaded guilty to five charges of theft; that he was not offered counsel; that he was not apprised of his right to counsel; that he did not waive counsel.

A majority of the court have denied the writ, and one has filed a concurrence relying upon cases which are, to my belief,

in no way concerned with the federal *right to counsel when pleading guilty.*\*

The following I believe to be a partial analysis of cases pertinent to the point under consideration.

Hamilton v. Alabama, 368 U.S. 52, 82 S. Ct. 157, 7 L.Ed.2d 114 (1961), set aside a sentence based upon a plea of guilty to a capital offense by the applicant in Alabama when he was without counsel and did not waive his right to counsel.

Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), required counsel or waiver of counsel in the trial of all serious offenses. It overruled Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L. Ed. 1595 (1942), and the former holding that the federal right to counsel was required in state prosecutions only in capital cases. Additional language in Gideon stat-

ed that counsel is required at every critical stage of a trial, and Hamilton v. Alabama, supra, had determined that arraignment is a critical stage of a trial. Gideon is retroactive in effect. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), applied Hamilton v. Alabama, supra, to a guilty plea entered at preliminary hearing at a date prior to the Hamilton decision, repeating that arraignment is a critical stage in a criminal proceeding. Without inquiring into the question of prejudice, it set aside the guilty plea entered by defendant without benefit of counsel.

It would seem clear that since Gideon v. Wainwright, supra, which required counsel in the trial of all serious offenses, was

---

\* In McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the defendant had a lawyer, and the court concluded that Rule 11 of the Federal Rules of Criminal Procedure required a federal district judge to inform one pleading guilty of his constitutional rights even when counsel was present. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), relied upon in the concurring opinion, simply refused to make Rule 11 as interpreted in McCarthy retroactive. By analogy we may determine that the rationale of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which made the rationale of McCarthy v. United States, supra, applicable to the states, would not have retroactive effect. (It should be noted, however, that in Brady v. United States, 397 U.S. 742, 90 S.Ct.

1463, 25 L.Ed.2d 747 (1970), footnote #4, the United States Supreme Court stated that it had not determined whether Boykin was prospective or retroactive in effect.) The second case relied upon in the concurring opinion, Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), simply held that Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which dealt with voluntariness of confessions and with the right to counsel during interrogation, were to be prospectively applied. State ex rel. Ardoin v. Henderson, 255 La. 1029, 233 So.2d 923, did not in my opinion decide squarely the issue here presented. Nevertheless, if it did, I believe it is in error and should be overruled. (See dissent in Ardoin.)

retroactive in effect, and since Hamilton v. Alabama, supra, which held that arraignment was a critical stage of a trial, was decided before Gideon and was applied retroactively by White v. Maryland, supra, decided after Gideon, the United States Supreme Court has, without regard to time or date of the proceeding, required that the defendant have counsel or waive counsel in state proceedings when he pleads guilty to a serious offense at arraignment.

If this were not sufficient to determine this question, the express language of the United States Supreme Court in recent cases certainly should set the matter at rest.

In Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (1968), the court said:

"In White v. Maryland an accused pleaded guilty when arraigned at a preliminary hearing, and at that time had no counsel to represent him. We held that Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L. Ed.2d 114, was applicable, as only the aid of counsel could have enabled the accused to know all the defenses available to him and to plead intelligently. White v. Maryland is indistinguishable in principle from the present case; and *we hold that it is applicable here although it was not decided until after the arraignment and trial in the instant case.*

"The right to counsel at the trial (Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792,

9 L.Ed.2d 799, 93 A.L.R.2d 733) ; on appeal (Douglas v. California, 372 U.S. 353, 9 L. Ed.2d 811, 83 S.Ct. 814) ; and *at the other 'critical' stages of the criminal proceedings (Hamilton v. Alabama, supra)* have all been *made retroactive,* since the 'denial of the right must almost invariably deny a fair trial.' See Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199, 1203." (Emphasis supplied.)

In McMann v. Richardson, 397 U.S. 759, at p. 771, 90 S.Ct. 1441, at p. 1449, 25 L.Ed. 2d 763 (1970), it was said at p. 773, footnote 14:

"Since Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R. 2d 733 (1963), it has been clear that a defendant pleading guilty to a felony charge has a federal right to the assistance of counsel. See White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) ; Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (1968). * * *"

Along with others, I deplore the possible results of these holdings, which may set at liberty some who are guilty because lapse of time and other circumstances prevent their retrial now. However, the Constitution of this nation places the judicial supremacy in the United States Supreme Court, and I am obligated to follow its interpretations of that Constitution. I am of the opinion that this court is required to order an evidentiary hearing in this case to determine whether the applicant had coun-

sel or waived his right to counsel when he pleaded guilty to the charge which resulted in the sentences under attack.

HAMLIN, Justice (concurring in the denial of the application for writ of habeas corpus):

On May 11, 1959, Alphonse Johnson was charged by five bills of information with the crime of theft committed in the Parish of Tensas, Louisiana. He did not request counsel and pleaded guilty to the charges preferred against him. The minutes of court, May 11, 1959, are silent as to counsel. A pre-sentence investigation by a probation officer was ordered. Defendant was sentenced on June 8, 1959, to serve two years in the Louisiana State Penitentiary for each offense, said sentences to run consecutively. Defendant was received at the penitentiary on June 9, 1959, and was paroled on October 9, 1962; on January 12, 1968, he was returned to the penitentiary as a parole violator, owing six years and eight months, plus a new term of five years.

Defendant's release date on "good time" is October 18, 1973; his "parole" date is December 2, 1971; and, September 12, 1979 is his "full term" date.

On May 5, 1969, the United States Supreme Court, by *per curiam opinion*, decided the case of Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

This matter involved the acceptance of a guilty plea in a case where a United States District Judge who accepted it failed to comply with Rule 11 of the Federal Rules of Criminal Procedure.

The *per curiam* stated in part:

"In *McCarthy* we noted that the practice we were requiring had been previously followed by only one Circuit; that over 85% of all convictions in the federal courts *are obtained pursuant to guilty pleas*; and that prior to Rule 11's recent amendment, not all district judges personally questioned defendants before accepting their guilty pleas. Thus, in view of the general application of Rule 11 in a manner inconsistent with our holding in *McCarthy*, and in view of the large number of constitutionally valid convictions that may have been obtained without full compliance with Rule 11, *we decline to apply McCarthy retroactively. We hold that only those defendants whose guilty pleas were accepted after April 2, 1969, are entitled to plead anew if their pleas were accepted without full compliance with Rule 11.*

"Accordingly, the judgment of the Court of Appeals for the First Circuit is affirmed

"Affirmed." (Emphasis mine.)

It is my view that the foregoing *per curiam* was rendered to put an end to a massive and indiscriminate jail and penitentiary release and delivery from custody

of convicted criminals, which had been caused by the rendition of Gideon v. Wainwright and similar decisions.

I am firmly of the opinion that the United States Supreme Court, in rendering this *per curiam*, realized the effect of the violence of these decisions to the enforcement of criminal justice in this Nation, and established a deadline date. If my opinion is erroneous, the Supreme Court of the United States will, without doubt, say so.

I believe, however, that my opinion is corroborated by the action of the Supreme Court in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, June 22, 1966, as follows:

"We hold that *Escobedo* affects only those cases in which the trial began after *June 22, 1964,* the date of that decision. We hold further that *Miranda* applies only to cases in which the trial began after the date of our decision one week ago. * * *"

The Court established a deadline in Johnson; *it evidently realized the devastating effect of its failure to set a deadline in Miranda.*

In Johnson, the Supreme Court did say, 86 S.Ct. 1779, " * * * Thus while *Escobedo* and *Miranda* provide important new safeguards against the use of unreliable statements at trial, the nonretroactivity of these decisions will not preclude persons whose trials have already been

completed from invoking the same safeguards as part of an involuntariness claim."

In my opinion, involuntariness has not been shown. Miranda and Johnson were later cases and did not apply to defendant's rights at the time he entered the pleas of guilty.

In the instant matter applicant was sentenced on June 8, 1959. The minutes of the district court show that a pre-sentence investigation by a probation officer was ordered prior to sentence. Applicant waited eleven years before applying for release by habeas corpus proceedings. Judge Voelker, who was the trial judge in 1959, is now dead. The District Attorney, Honorable Clark Thompson, is still living.

Now, would an evidentiary hearing accomplish anything? I think not.

In State ex rel. Ardoin v. Henderson, 255 La. 1029, 233 So.2d 923 (1970), the accused was sentenced on May 20, 1963. He plead guilty to four counts of simple burglary, and he was sentenced on that date to serve seven years imprisonment at Angola, on each count, to run consecutively. We stated that since our problem dealt with the state of the law in 1963, we must consider its status at that time. After reviewing authorities and discussing Gideon v. Wainwright, we held:

"Secondly, the Federal Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), when

faced with a decision on the minute entry required to be made in a guilty plea wrote: 'It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary.' The Court then held that the Supreme Court of Alabama, which affirmed the conviction, should be reversed 'because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty.' This decision, however, was not made retroactive. In our view it should not have retroactive application and will not be so applied because of the decisions in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), and because of the effect retroactive application would have upon the administration of justice. These latter two cases, holding that the record must show the voluntary character of a guilty plea under Rule 11 of the Federal Rules of Criminal Procedure, were not applied retroactively; and we consider those cases analogous to the facts before us."

In the Ardoin case, the trial judge filed a per curiam. It recited:

"The undersigned was not the presiding judge at the time of petitioner's plea and sentence in 1963 and, therefore, had no knowledge of what transpired other than minute entries which were produced at the hearing on November 21, 1969. The minute entries revealed that petitioner was arraigned in the usual and customary manner of the year 1963. The minutes do not reveal that he might have counsel appointed if he so desired. The minutes are silent in that respect."

An evidentiary hearing in this manner would, in my opinion, avail nothing. The trial judge is dead. The minutes speak for themselves. They show that applicant did not have counsel at the time of his plea of guilty and sentence.

I respectfully concur in the denial of the application for Writ of Habeas Corpus.