In re: Benjamin C. Lofton applying for writ of review.
Writ denied. Showing made does not justify the exercise of our jurisdiction.
BARHAM, J., dissents from the refusal of the writ and will assign written reasons.
BARHAM, Justice, is of the opinion the writ should be granted.
The record before us reflects absolutely that the defendant pleaded guilty without benefit of counsel. The minutes do not show waiver of counsel. Under Carnley v. Cochran, 369 U.S. 506, 82 SCt. 884, 8 L.Ed.2d 70 (1962), it was found that that record did not show that the trial judge offered and the petitioner declined counsel. The conclusion in Carnley was: “Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but *585 intelligently and understandingly rejected the offer. Anything less is not waiver.” 8 L.Ed.2d at p. 77.
In the case before us the minutes are silent as to whether defendant was offered counsel and waived counsel. Moreover, the majority of our court for the purpose of considering this writ have acknowledged that even considering the evidentiary hearing, the defendant was not offered counsel and did not waive counsel at the plea of guilty. The plea of guilty is a critical stage of the proceedings, and a plea could not have been entered without waiver of counsel.