Jeff WILLIAMS, LSP 42491

v.

C. Murray HENDERSON, Warden, Louisiana State Penitentiary.

Civ. A. No. 16870.

United States District Court,
W. D. Louisiana,
Monroe Division.

June 10, 1971.

Jeff Williams, pro se.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Baton Rouge, La., Thompson L. Clarke, Dist. Atty., Sixth Judicial District, St. Joseph, La., John T. Seale, Asst. Dist. Atty., Tallulah, La., for respondent.

DAWKINS, Chief Judge.

RULING ON PETITION FOR
WRIT OF HABEAS CORPUS

Let the petition be filed and prosecuted *in forma pauperis*.

Jeff Williams here applies for issuance of a writ of habeas corpus, alleging he is illegally and unconstitutionally being detained in the Louisiana State Penitentiary, at Angola, Louisiana, after pleading guilty to four counts of simple burglary. December 10, 1952, he was sentenced to nine years on each count, with sentences to run consecutively.

Williams alleges that he was not represented by counsel at either his arraignment or sentencing, that he was not advised of his right to counsel, nor did he effectively waive his right to counsel. The State Court minute entries, as well as the entire record before us, are silent in this respect.

Applicant has not exhausted his State Court remedies but argues this is not necessary here because the Supreme Court of Louisiana has recently failed to grant relief in another case based on allegedly identical grounds. See State ex rel. Lofton v. Henderson, 258 La. 584, 247 So.2d 397 (May 13, 1971).* Williams contends that, since the issue has been presented to the State Courts, it is not necessary to do so again.

Title 28 U.S.C. § 2254(b) provides:
"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

First, it should be emphasized that at present there is no factual basis upon which this Court or the State Courts can determine whether applicant was afforded counsel or effectively waived same.

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Carnley v. Cochran, 369 U. S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed. 2d 70 (1961).

If applicant's argument is accepted, the State District Court, which because of its relationship to the events is the most competent to do so, would be prevented from making factual findings and applying the appropriate Constitutional standards to those findings. The sentencing Court (through the present incumbent Judge) previously has been advised of what this Court deems to be the clear Constitutional mandate with respect to the right to counsel and the retroactive application of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and no appeal was taken from that decision. See Johnson v. Henderson (No. 16,162, December 2, 1970, W.D.La.). We cannot assume that the State District Court or the State Supreme Court would disregard this clear Constitutional mandate which they have sworn to uphold.

Chief Judge Brown has aptly noted:
In the interest of comity we must as to all of the issues now asserted, *put the fact finding and law finding responsibility squarely on* * * * *[state] Courts where, initially at least, it belongs.* * * * The remedy prescribed and open-mindedly administered by the [state] Courts will afford * * * [applicant] an opportunity to present his contentions adequately and fully develop them in *evidentiary hearings as required.*" (Emphasis added.) Spencer v. Wain-

---

* In this case the Court majority simply noted: "Writ denied. Showing made does not justify the exercise of our jurisdiction." It is unclear actually what showing was made to the Court. Justice Barham, dissenting, indicated the record "reflects absolutely that the defendant pleaded guilty without benefit of counsel," and went further to note " * * * that * * * an evidentiary hearing" had been held. Neither circumstance is clear from the record before us on William's application.

wright, 403 F.2d 778, 781 (5th Cir. 1968); *See* Brent v. White, 398 F.2d 503, n. 10 (5th Cir. 1968). *Cf.* Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962); Cline v. Beto, 418 F.2d 549 (5th Cir. 1969).

The entire statutory scheme for federal habeas corpus is designed to afford the States every opportunity to enforce Constitutional rights without interference by federal courts. See 28 U.S.C. § 2254, especially subsections (b) and (d). The doctrine is even clearer where the fact-finding process is called for as here.

We cannot, as applicant would have us, conclude that it would be futile for him to follow the procedures Louisiana has provided for post-conviction relief, nor can we assume that State Courts will fail to implement a clear Constitutional mandate. Of course, should they fail to do so, applicant then would have recourse to this Court. *Cf.* Wheeler v. Beto, 407 F.2d 816 (5th Cir. 1969); Harrison v. Wainwright, 424 F.2d 633 (5th Cir. 1970).

Accordingly, Williams having failed to exhaust his State Court remedies, the application for issuance of a writ of habeas corpus is Denied, and the case is Dismissed without prejudice.