252 So.2d 445

**STATE of Louisiana ex rel. Ephrim GRIFFIN**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.**

**No. 51757.**

Sept. 21, 1971.

In re: Ephrim Griffin applying for writs of certiorari, prohibition, mandamus and habeas corpus.

Writs refused. The showing made does not warrant the exercise of either our original or supervisory jurisdiction.

BARHAM, J., is of the opinion the writ should be granted and assigns written reasons.

TATE, J., dissents and assigns written reasons.

DIXON, J., dissents from the refusal.

BARHAM, Justice (dissenting from refusal to grant writs).

We have this day denied writs of habeas corpus in three applications which present identical questions.[1] In each application the relator alleges that he entered a plea of guilty without benefit of counsel, that he was indigent and unable to procure counsel of his own choice, and that he did not waive his right to counsel. All three relators entered their pleas prior to Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), one on April 29, 1959, another on December 8, 1952, and the third on November 11, 1956. The applications were denied below without evidentiary hearings. I am of the opinion that the relators made a prima facie showing in their petitions which entitled them to evidentiary hearings.

The relators are entitled to this relief for the reasons assigned in my dissents in State ex rel. Thompson v. Henderson, 256 La. 823, 239 So.2d 347; State ex rel. Johnson v. Henderson, 256 La. 825, 239 So.2d 347, and State ex rel. Lofton v. Henderson, 258 La. 584, 247 So.2d 397. More importantly, however, the relators are entitled to relief under the United States Supreme Court decision in Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (April 5, 1971), which clearly puts to rest the question of whether counsel is required in guilty pleas accepted before Gideon v. Wainwright, supra. In Kitchens the petitioner pleaded guilty to robbery in the Superior Court of Tattnall County, Georgia, in 1944. When he brought habeas corpus action in the county court alleging that his conviction and plea of guilty were void under Gideon v. Wainwright, he was denied re-

---

1. See No. 51735, State ex rel. Walker v. Henderson, Warden, 259 La. 712, 252 So.2d 438, and No. 51741, State ex rel.

Williams v. Henderson, Warden, 259 La. 722, 252 So.2d 442.

lief, and the Georgia Supreme Court affirmed. The Supreme Court of the United States said in a per curiam opinion:

" * * * The county court denied relief because *Gideon* was 'recent law and under the law at the time of his sentence, the sentence met the requirements of the law at that time.' This was error since as we have often noted, *Gideon* is fully retroactive. See, e. g., Linkletter v. Walker, 381 U.S. 618, 639, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Desist v. United States, 394 U.S. 244, n. 15, 89 S.Ct. 1030, 22 L.Ed.2d 248; McConnell v. Rhay, 393 U.S. 2, 3, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); Stovall v. Denno, 388 U.S. 293, 297–298, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

"On appeal, the Georgia Supreme Court affirmed the denial of habeas corpus on different grounds, saying that petitioner did not testify at the habeas corpus hearing that he 'wanted a lawyer, asked for one, or made any effort to get one' or that 'because of his poverty, or any other reason, he was unable to hire a lawyer.'

"As this Court has said, however, '[I]t is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request.' Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 889, 8 L.Ed.2d 70 (1962). This applies to guilty pleas as well as to trials. Uveges v. Pennsylvania, 335 U.S. 437, 441, 69 S.Ct. 184, 93 L.Ed. 197 (1948).

"Of course, to establish his right to appointed counsel in 1944, petitioner had the burden of proving his inability at that time to hire an attorney. * * *

"It is our view that on this record petitioner proved he was without counsel due to indigency at the time of his conviction. The petition for certiorari is granted, the judgment of the Georgia Supreme Court is reversed and the case remanded for further proceedings not inconsistent with this opinion."

This decision, with its clear and concise language, settled in my mind the conflict arising from the divergent views of our court on the right to counsel where indigent defendants plead guilty. See Ardoin v. Henderson, 255 La. 1029, 233 So.2d 923 (1970), and denials of writs cited above. I learned of the Kitchens decision belatedly due to a great extent to the lack of sufficient funds, personnel, and time to properly keep abreast of the recent United States Supreme Court decisions. That decision was rendered on April 5, 1971, and subsequently we denied writs in State ex rel. Lofton v. Henderson, supra, on that precise question. I at first greatly regretted that I had not known of the Kitchens holding then, for its seemed to me that this decision would have altered our inconsistent handling of writ applications in this area. However, a majority of this court has not changed its view even when confronted with what I find to be an unequi-

vocal holding by the United States Supreme Court to the contrary. Despite the strong personal feeling of the members of this court against the results which flow from that holding, our decision in Ardoin and our action in these writs cannot be law when a unanimous United States Supreme Court concisely and precisely speaks to the contrary.

The relators in the three cases before us are entitled to an evidentiary hearing to determine whether the pleas of guilty were entered without counsel, whether the relators were unable at the time of the pleas to afford counsel, and whether relators had intelligently waived counsel.

I respectfully dissent from the refusal to grant writs in each case.

TATE, Justice (dissenting).

The writer respectfully dissents from the denial of these three petitions seeking post-conviction relief. These petitioners are entitled to an evidentiary hearing on their allegations of the denial of counsel to them when they pleaded guilty.

In each of these petitions, the relators allege that they were brought to court in poverty and in ignorance of their right to counsel. In each instance they pleaded

guilty and received long penitentiary terms. In each instance, the record shows that they pleaded guilty without benefit of counsel, and each record fails to show a waiver of this right.

In each instance, our trial brothers denied an evidentiary hearing on the petition for post-conviction relief, apparently under the belief that Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), was not retroactive or else did not require counsel for the guilty plea (as contrasted with the trial) of an indigent; or that, at any rate, this court had so held in Ardoin v. Henderson, 255 La. 1029, 233 So. 2d 923 (1970).[1]

Whatever the merits of our previous holding in Ardoin v. Henderson (decided on March 30, 1970), subsequently the United States Supreme Court has clearly held to the contrary, in a decision based on facts on all fours in all material aspects with those in the present instances. Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed. 519 (April 5, 1971). There, the Georgia Supreme Court was reversed, where it had denied relief (even after a post-conviction evidentiary hearing). The showing there made was that the petitioner had in 1944 pleaded guilty in a Georgia state court to robbery, that he was an in-

---

1. It is of some interest that, actually, this court had ordered a full evidentiary hearing in Ardoin on the relator's petition, see 254 La. 832, 227 So.2d 374 (1969), before deciding the cited subject opinion at 233 So.2d 923 on the merits on the basis of the record made up at this evidentiary hearing.

digent; and that he had no attorney. The record was silent as to any waiver of counsel.

In reversing, our high court squarely held (once again) that a conviction or guilty plea of an indigent without counsel must be set aside—and "that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend upon a request". 91 S.Ct. 1090.

The unanimous opinion of our nation's high court was based upon Gideon v. Wainwright, and also upon such other decisions as McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968) (Gideon fully retroactive), Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962) (waiver not presumed from a silent record), and Uveges v. Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 197 (1948) (counsel required for guilty pleas as well as trials).

At this time we should perhaps be willing to concede that our high court's interpretations of the effect and application of its own prior decisions concerning federal constitutional right is more persuasive than our own prior limiting conjectures. Indeed, these interpretations are binding on this and all other American courts. Consequently, we must view our decision in Ardoin v. Henderson as overruled, relying as it did on a somewhat differing interpretation of the national tribunal's decisions in point.

Before closing, I might refer to the following irrelevant circumstances:

1. The recent unanimous opinion of the Supreme Court in Kitchens v. Smith was subscribed by Burger, C. J., and Blackmon, J.;

2. Although an evidentiary hearing must be held under the present circumstances, the trier of fact is obliged only to weigh the testimony of the petitioner in the light of sworn testimony as to surrounding circumstances, including that as to the customary practice of the deceased trial judge with regard to the appointment of attorneys. The trier of fact at the post-conviction evidentiary hearing is not obliged to accept testimony of the petitioner found to be incredible in the light of all the evidence at the hearing, even though such testimony is not directly contradicted due to unavailability of other witnesses due to death or other cause.

Finally, I must respectfully suggest orderly government and efficient judicial administration, as well as respect for both the local and the national nature of federalism, demand that state courts accept and apply United States Supreme Court decisions on federal constitutional rights clearly in point, whether or not we agree with them. Pretermitting questions of legal philosophy and obedience to our constitutional oath, state courts are the proper forum for determination of whether state action has vio-

lated federal rights of our people. The federal courts are bound by the same Supreme Court decisions as we are. If we fail even to allow a post-conviction day in court upon a claim of violation of constitutional duty, a federal forum is all too readily available.[2]

For these reasons I must respectfully dissent.

2. Compare, e. g., our cursory denial of post-conviction relief upon the identical contention now before us in State ex rel Johnson v. Henderson, 256 La. 825, 239 So.2d 347 (Sept. 25, 1970), with the cursory order two months later (December 2, 1970) of the federal district court setting aside the guilty plea on the fact of the papers ("In the light of the posi-

tion taken by the State in failing to afford a hearing and in effect admitting he was not afforded representation, this Court has no alternative but to grant petitioner's writ of habeas corpus"), Alphonse Johnson v. Henderson, Civil Action No. 16,162 United States District Court for the Western District of Louisiana.