BARHAM, Justice
(dissenting from refusal-to grant writs).
We' have this day denied writs of habeas corpus in three applications which present identical questions.[1] In each appli-' cation the relator alleges that he entered a plea of guilty without benefit of counsel, that he was indigent and unable to procure counsel of his own choice, and that he did not waive his right to counsel. All three relators entered their pleas prior to Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), one on April 29, 1959, another on December 8, 1952, and the third on November 11, 1956. The applications were denied below without evidentiary hearings. I am of the opinion that the relators made a prima facie showing in their petitions which entitled them to evidentiary hearings.
The relators are entitled to this relief for ■ the reasons assigned in my dissents in' State ex rel. Thompson v. Henderson, 256 La. 823, 239 So.2d 347; State ex rel. Johnson v. Henderson, 256 La. 825, 239 So.2d 347, ‘ and State ex rel. Lofton v. Henderson, 258 La. 584, 247 So.2d 397. More importantly, however, the relators are entitled to relief under the United States Supreme Court decision in Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (April 5, 1971), which clearly puts to rest the question of whether counsel is required in guilty pleas accepted before Gideon v. Wainwright, supra. In Kitchens the petitioner pleaded guilty to robbery in the Superior Court of Tattnall County, Georgia, in . 1944. When he brought habeas corpus action, in the county court alleging that his conviction and plea of guilty were void under Gideon v. Wainwright, he was denied relief, and the Georgia Supreme Court affined. The Supreme Court of the United States said in a per curiam opinion:
“* * * The county court denied relief because Gideon was ‘recent law and under the law at the time of his sentence,.:the sentence met the requirements of the law at that time.’ This was error since as we have often noted, Gideon is fully retroactive. See, e. g., Linkletter v. Walker, 381 U.S. 618, 639, 85 S.Ct. 1731, 14 L.Ed.2d *715 601 (1965) ; Desist v. United States, 394 U.S. 244, n. 15, 89 S.Ct. 1030, 22 L.Ed.2d 248; McConnell v. Rhay, 393 U.S. 2, 3, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968) ; Stovall v. Denno, 388 U.S. 293, 297-298, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).
“On appeal, the Georgia Supreme Court affirmed the denial of habeas corpus on different grounds, saying that petitioner did not testify at the habeas corpus hearing that he ‘wanted a lawyer, asked for one, or made any effort to get one’ or that ‘because of his poverty, or any other reason, he was unable to hire a lawyer.’
“As this Court has said, however, ‘[I]t is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request.’ Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 889, 8 L.Ed.2d 70 (1962). This applies to guilty pleas as well as to trials. Uveges v. Pennsylvania, 335 U.S. 437, 441, 69 S.Ct. 184, 93 L.Ed. 197 (1948).
“Of course, to establish his right to appointed counsel in 1944, petitioner had the burden of proving his inability at that time to hire an attorney. * * *
“It is our view that on this record petitioner proved he was without counsel due to indigency at the time of his conviction. The petition for certiorari is granted, the judgment of the Georgia Supreme Court is reversed and the case remanded for further proceedings not inconsistent with this opinion.”
This decision, with its clear and concise language, settled in my mind the conflict arising from the divergent views of our court on the right to counsel where indigent defendants plead guilty. See Ardoin v. Henderson, 255 La. 1029, 233 So.2d 923 (1970), and denials of writs cited above. I learned of the Kitchens decision belatedly due to a great extent to the lack of sufficient funds, personnel, and time to properly keep abreast of the recent United States Supreme Court decisions. That decision was rendered on April 5, 1971, and subsequently we denied writs in State ex rel. Lofton v. Henderson, supra, on that precise question. I at first greatly regretted that I had not known of the Kitchens holding then, for it seemed to me that this decision would have altered our inconsistent handling of writ applications in this area. However, a majority of this court has not changed its view even when confronted with what I find to be an unequivocal holding by the United States Supreme Court to the contrary. Despite the stronge personal feeling of the members of this court against the results which flow from that holding, our decision in Ardoin and our action in these writs cannot be law when a unanimous United States Supreme Court concisely and precisely speaks to the contrary.
*717 The relators in the three cases before us are entitled to an evidentiary hearing to determine whether the pleas of guilty were entered without counsel, whether the relators were unable at the time of the pleas to afford counsel, and whether relators had intelligently waived counsel.
I respectfully dissent from the refusal to grant writs in each case.

. See No. 51741, State ex rel. Williams v. Henderson, Warden, 259 La. 722, 252 So.2d 442, and No. 51757, State ex rel. Griffin v. Henderson, Warden, 259 La. 731, 252 So.2d 445.