253 So.2d 792

**STATE of Louisiana ex rel. Moses
DeVILLE, Jr.**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.**

No. 51800.

Nov. 8, 1971.

In re: Moses DeVille, Jr. applying for writ of habeas corpus.

Writ refused. The showing made is insufficient to warrant the exercise of our original or supervisory jurisdiction.

BARHAM, J., is of the opinion the writ should be granted and assigns written reasons.

TATE, J. No evidence was taken or transcribed at the hearing below. An evidentiary hearing is required by the present allegations, Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). This should be held in state court, to prevent the disruption of state judicial administration that will occur when state officials are forced to testify in a federal forum. See State ex rel. Walker v. Henderson, 259 La. 712, 252 So.2d 438 (1971).

DIXON, J., is of the opinion the writ should be granted.

BARHAM, Justice (dissenting from refusal to grant writ).

The relator pleaded guilty on May 12, 1959, to the crime of simple burglary. The minutes are silent as to counsel or waiver of counsel, and the relator has alleged that he was not afforded counsel and did not waive counsel. He alleges that an evidentiary hearing was had in the trial court on his writ of habeas corpus on April 14, 1971, and the minutes of the court support this. The court below denied the application for writ of habeas corpus, assigned no written reasons for judgment, and, so far as this court has been able to ascertain, made no record of the proceedings had at the evidentiary hearing on the writ.[*]

We are at this time presented with an application for writ of habeas corpus which on its face entitles the relator to relief. Neither the trial judge nor the State has refuted his allegations. The denial of relief by this court, in the face of the uncontroverted allegations of relator that he did not have counsel when he pleaded guilty, and that the plea which was exacted from him was not free and voluntary and knowingly made with waiver of his constitutional rights, is contrary to Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971), and therefore to the mandate of Code of Criminal Procedure Article 354. See dissents in State ex rel. Thompson v.

---

[*] It is interesting to note that this case comes out of the same court from which writs were taken in State ex rel. Ardoin v. Henderson, 255 La. 1029, 233 So.2d 923.

Henderson, 256 La. 823, 239 So.2d 347; State ex rel. Johnson v. Henderson, 256 La. 825, 239 So.2d 347; State ex rel. Lofton v. Henderson, 258 La. 584, 247 So.2d 397; State ex rel. Walker v. Henderson, 259 La. 712, 252 So.2d 438; State ex rel. Williams v. Henderson, 259 La. 722, 252 So.2d 442; State ex rel. Griffin v. Henderson, 259 La. 731, 252 So.2d 445.

I respectfully dissent from the refusal to grant the writ.