MARCUS, Justice.
Junius LeBlanc was charged with having committed the crime of simple burglary in violation of La.R.S. 14:62. Upon his conviction, he was charged by bill of information as a multiple offender for the purpose of sentencing under the Louisiana Habitual Offender Law. La.R.S. 15:529.1. Defense counsel entered a denial of the allegations contained in the information and filed a motion to quash the information charging defendant as a multiple offender.
A hearing was held to determine whether defendant had been convicted of the prior felony as set forth in the information.[1] The trial judge determined from the evidence adduced at the hearing that defendant had been convicted of a prior felony. Accordingly, he sentenced defendant to serve an enhanced penalty of ten (10) years at hard labor in the custody of the Department of Corrections. In this appeal, defendant urges as his single assignment of error that the trial court erred in denying his motion to quash the information charging defendant as a multiple offender.
The Louisiana Habitual Offender Law, La.R.S. 15:529.1, allows the district attorney to file a bill of information at any time after conviction or sentence against any person prosecuted by him for, and convicted of, a felony, accusing him of prior felony convictions.[2] Upon the filing of the information, the court in which the subsequent conviction was obtained shall cause the accused to be brought before it, inform him of the allegations contained in the information and of his right to be tried as to the truth thereof, and require the offender to say whether the allegations are true. If the accused denies the allegations of the information, the judge must fix a day to inquire whether the offender has been convicted of the prior felony, or felonies, as charged in the information.[3] If the judge finds that the accused has been convicted of the prior felonies, the court shall sentence him according to the enhanced penalties prescribed by the statute.
In order for a prior felony conviction to form the basis for a multiple offender charge, it must, inter alia, have been obtained without the violation of a specific federal constitutional right of the accused.[4] Defendant argues here that the prior conviction, which resulted from a plea of guilty to the charge of forgery,[5] was obtained in violation of his federal constitutional rights, specifically, his privilege against self-incrimination under the fifth amendment to the United States Constitution and his sixth amendment rights to trial by jury and the confrontation of his accusers, as articulated in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It is well settled that the rule of law announced in the Boykin decision is prospective in operation only from the date of the decision, June 2, 1969.[6] As the defendant’s guilty plea to *656 the forgery charge was entered on March 15, 1968, prior to the rendition of the Boy-kin decision, the rule has no application here. Accordingly, defendant’s assignment of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.

. The bill of information actually alleged that defendant had been convicted of three prior felonies. At the hearing, however, the trial judge ruled that two of the prior convictions could not be used to enhance defendant’s sentence. Accordingly, only the prior conviction accepted by the judge is before us on appeal.

. See State v. McQueen, 308 So.2d 752 (La.1975).

. See State v. Davalie, 313 So.2d 587 (La.1975).

. See, e. g., United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) ; Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

. See La.R.S. 14:72.

. State ex rel. Griffin v. Henderson, 258 La. 971, 248 So.2d 831 (1971) ; State v. Pickering, 256 La. 841, 239 So.2d 353 (1970) ; State ex rel. Ardoin v. Henderson, 255 La. 1029, 233 So.2d 923 (1970). See Halliday *656 v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) ; McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).