## 25924. KITCHENS v. SMITH, Warden.

SUBMITTED JULY 13, 1970—DECIDED SEPTEMBER 10, 1970.

James M. Kitchens, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

MOBLEY, Presiding Justice. This is an appeal in a habeas corpus case from a judgment remanding the prisoner to the Warden of the Georgia State Prison at Reidsville. His petition alleged that he was convicted in the Superior Court of Fulton County in 1941; that he was tried without benefit of counsel; that he was unable to obtain counsel because of his impoverished condition; that he was not advised of his right to counsel; and when he requested counsel, he was advised that there was no provision for furnishing him counsel.

The record shows that he was convicted of robbery on December 8, 1944, and sentenced to serve 5 to 10 years. After serving a few months, he escaped and was absent from the State until he was returned to Georgia upon completion of the service of a sentence in Tennessee. The trial court in Fulton County, upon his return, reduced his sentence to 3 to 6 years, and it is under this sentence that he is now serving.

On the trial of the habeas corpus case the prisoner testified that he did not have a lawyer at the time he was tried. He did not testify, or offer any evidence, that he wanted a lawyer, asked for one, or made any effort to get one, or that because of his poverty, or for any other reason, he was unable to hire a lawyer.

The testimony that he did not have a lawyer is not sufficient to bring this case within the rulings made in Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799, 93 ALR2d 733), for there the court found that the petitioner appeared without funds and without counsel and asked the court to appoint counsel for him, but this was denied on the ground that the State

law permitted appointment of counsel only where the person is charged with a capital offense.

The present case is controlled by *Nichols v. Heffner*, 222 Ga. 706, 708 (152 SE2d 393). There this court held that the court did not err in remanding the petitioner to the custody of the warden, as "there was no evidence before the trial judge that the petitioner was unable to employ counsel or that either he or his parents made any request of the court to appoint counsel for him which was refused by the court," citing *Bradford v. Mills*, 208 Ga. 198 (3) (66 SE2d 58), where the court held that allegations that the prisoner entered a plea of guilty without advice of counsel are insufficient to charge denial of the privilege and benefit of counsel; and *White v. Grimes*, 216 Ga. 335 (1) (116 SE2d 561), where this court held: "The record in this case failing to show that the petitioner, a person of mature age, at the time he entered his pleas of guilty in 1943, either requested the appointment of counsel or that the court refused to appoint counsel, it will be presumed that the trial judge performed his duties respecting the constitutional rights of the petitioner as to counsel and that he waived his right to counsel."

The trial court properly remanded the prisoner to the custody of the warden.

*Judgment affirmed. All the Justices concur.*