KITCHENS *v.* SMITH, WARDEN

No. 6131.   Decided April 5, 1971

PER CURIAM.

Petitioner pleaded guilty to robbery in a Georgia state court in 1944.  He was not represented by counsel at any time.  While serving his sentence, petitioner escaped and did not return to Georgia until 1969, when he was returned to finish the remainder of his sentence.  He then brought this habeas corpus action in county court, alleging that his conviction was void under *Gideon* v. *Wainwright,* 372 U. S. 335 (1963).  The county court denied relief because *Gideon* was "recent law and under the law at the time of his sentence, the sentence met the requirements of the law at that time."  This was error since as we have often noted, *Gideon* is fully retroactive. See, *e. g., Linkletter* v. *Walker,* 381 U. S. 618, 639 (1965); *Desist* v. *United States,* 394 U. S. 244, 250 n. 15 (1969); *McConnell* v. *Rhay,* 393 U. S. 2, 3 (1968); *Stovall* v. *Denno,* 388 U. S. 293, 297–298 (1967).

On appeal, the Georgia Supreme Court affirmed the denial of habeas corpus on different grounds, saying that petitioner did not testify at the habeas corpus hearing that he "wanted a lawyer, asked for one, or made any effort to get one" or that "because of his poverty, or for any other reason, he was unable to hire a lawyer." 226 Ga. 667, 177 S. E. 2d 87–88 (1970).

As this Court has said, however, "[I]t is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request." *Carnley* v. *Cochran,* 369 U. S. 506, 513 (1962). This applies to guilty pleas as well as to trials. *Uveges* v. *Pennsylvania,* 335 U. S. 437, 441 (1948).

Of course, to establish his right to appointed counsel in 1944, petitioner had the burden of proving his inability at that time to hire an attorney. His petition for habeas corpus specifically averred that he was unable to obtain counsel "because of his impoverished condition" at that time. The respondent denied this allegation and thus put the matter in issue. At the hearing, petitioner testified, "I was a lot younger and *I didn't have any money* and I didn't have a lawyer . . . ." (Emphasis added.) The State made no effort whatever to contradict petitioner's testimony that he was indigent; no part of its case went to the issue of indigency. In this light, the Georgia Supreme Court's finding that petitioner "did not testify . . . that because of his poverty, or for any other reason, he was unable to hire a lawyer" is explicable only under the most rigid rules of testimonial construction. Though petitioner did not precisely testify that his failure to obtain a lawyer was a result of his indigency, this was the undeniable implication of his testimony, especially in view of the habeas corpus petition's allegation that petitioner was unable to hire an attorney "because of" his indigency. The hearing below, as the transcript shows, was conducted informally. Petitioner had

no lawyer, and introduced no evidence other than his own testimony. He testified discursively; no objections were made by the State, nor did it cross-examine petitioner on the issue of indigency.

It is our view that on this record petitioner proved he was without counsel due to indigency at the time of his conviction. The petition for certiorari is granted, the judgment of the Georgia Supreme Court is reversed and the case remanded for further proceedings not inconsistent with this opinion.