**514**

**Ex parte Abe BLAINE, Jr.**

**No. 44784.**

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Howard Law, Dallas, Roy E. Greenwood, Huntsville, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an application for a writ of habeas corpus by an inmate of the Department of Corrections. Petitioner was convicted in the Criminal District Court of Dallas County on November 19, 1963 of the offense of burglary with the punishment enhanced under Art. 63, Vernon's Ann.P.C. The sentence was imposed on December 27, 1963, at life.

The second paragraph in the indictment under which the petitioner was convicted alleged that he had been convicted of forgery in Williamson County in 1949. Petitioner contends that said conviction was void because he was not represented by counsel at the time of said conviction.

On the 24th day of August, 1971, in Criminal District Court No. 4 of Dallas County, a hearing was held and the court found that the petitioner was indigent and not represented by counsel at the time of his conviction in Cause No. 11,816 in the District Court of Williamson County on June 24, 1949 and that such conviction was void and improperly used for enhancement. "The court bases its findings on the affidavit of Samuel V. Stone and the testimony of the petitioner." The court made no finding as to waiver.

Petitioner testified that at the time of the Williamson County conviction he was an indigent, that he did not employ or hire counsel to represent him in that case, that the only persons present were the sheriff, the court clerk, the court reporter, the district attorney, and the judge, but on further direct examination, testified that the only ones he could recall were the county judge and the district attorney and the court clerk. The affidavit of Samuel V.

Stone, a former county judge of Williamson County, was introduced into evidence and is partially quoted as follows:

"Even though such docket sheet entry indicates that I was Mr. Blaine's court-appointed counsel in this cause, I have reservations about the absolute validity of this entry. I hereby state, under oath, that during my entire tenure as County Judge of Williamson County, Texas, that *I do not recall* ever having been appointed to represent any criminal Defendant in any cases.

"After considering this matter carefully I must definitely state that *I have no recollection* of either this case, this appointment or this Defendant as indicated by the docket sheet entry of Cause No. 11,816. I do not know for what reason my name was listed on the docket sheet, but to the *best of my recollection* I must reiterate that *I do not recall* having represented the Defendant, Petty Blaine, in the above-styled cause." [Emphasis added]

There was further introduced into evidence, a docket sheet in Cause No. 11,816, the State of Texas v. Petty Blaine,[1] reflecting that the date of the filing of the cause was June 21, 1949. The docket sheet reflects a bond was fixed at $300 on June 22, and further, the docket reflects that on June 24, 1949, "Sam V. Stone appointed to represent defendant."

The trial court found that the present conviction, enhanced by the Williamson County conviction and one other conviction could not stand and concluded that the petitioner's sentence should be reformed to confinement for 12 years in the Texas Department of Corrections, such being the mandatory sentence required for the offense of burglary enhanced under Art. 62, V.A.P.C.

We do not agree.

The record shows that Samuel V. Stone was county judge from 1935 until 1970.

This, of course, includes the critical time in this case. The affidavit of Judge Stone does not say that he did not represent the defendant; it says that he has no *recollection* of representing this defendant or any other defendant.

The judgment and sentence from Williamson County are not a part of this record. Therefore, we do not know what they show as to counsel.

 The docket sheet was presumably prepared at the date shown thereon and is presumed to be correct and regular in all respects. Gutierrez v. State, 456 S.W.2d 84 (Tex.Cr.App.1970). Further, part of the testimony of petitioner shows the county judge (Stone) was present at the trial.

The relief prayed for is denied. It is so ordered.

---

1. Petitioner testified that he was one and the same person.