**Ex parte R. G. WILLIAMS.**

**No. 46202.**

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

Cahill Hitt, R. Gary Nutter, Texarkana, for appellant.

Lynn Cooksey, Dist. Atty., Texarkana, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty, Austin, for the State.

## OPINION

DALLY, Commissioner.

This is a post-conviction habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P.

The petitioner was convicted for the offense of burglary of a private residence in the nighttime in the District Court of Bowie County, after a plea of guilty on December 19, 1940. His punishment was assessed at forty years by a jury. There was no appeal from the conviction.

The petitioner's original application for writ of habeas corpus, which alleged that

he was indigent at the time of trial, was not represented by counsel and did not waive his right to counsel, was denied by the trial court without a hearing. Application was then made in this court and the trial court was ordered to conduct a full evidentiary hearing.

A record of that hearing, including the trial court's findings of fact and conclusions of law, is now before us.

The trial court concluded that the petitioner had not been denied his constitutional right to counsel because he had been represented in the trial of his case by an attorney. In support of this conclusion, the complete findings of the district court are as follows:

"The Defendant's jury list consisting of twenty-five (25) names, shows that one (1) Juror was absent and three (3) Jurors were peremptory challenged on said jury list. The Defendant entered a plea of guilty on December 19, 1940 to the aforesaid charge and a jury was impaneled for the purpose of accessing (sic) punishment and did access (sic) confinement in the Texas Department of Corrections for a period of forty (40) years.

"The Court finds that the Defendant, R. G. Williams had assistance during the trial of the above-entitled and numbered cause in that someone sat at counsel table with him, made objections and generally assisted the Defendant in the trial of this cause, and every act that the Defendant and other witnesses testified to lends credence to the fact the man assisting the Defendant was a lawyer."

The only testimony offered by the State was that of Olivette, who was the complaining witness in the burglary indictment. He said he had been present in December, 1940, and testified at the petitioner's burglary trial. Weldon Glass, whom Olivette had known since his own childhood, had prosecuted the case. Olivette remembered there was a white man who sat at the counsel table and talked with the petitioner. He "understood" the man was a lawyer and he made objections to certain evidence. He did not know his name and could not describe him. He did not hear the man refer to himself as an attorney. He could not remember if the clerk was a man or a woman.

The record reveals that on the same day the appellant was tried for the burglary offense, he was also tried on another indictment for the offense of assault with intent to commit rape. These cases bore consecutive case numbers. The docket sheets in both cases are contained in the record. They show that the State of Texas was represented by Weldon S. Glass. In the space provided for the name of the defendant's attorney on each of the docket sheets it is blank and there is no other notation on either of the docket sheets to indicate that the appellant was represented by an attorney. The judgment in the burglary case recites that the appellant "appeared in person, his counsel also being present." The sentence, which was assessed on the same day, recites that the appellant appeared before the court in charge of the sheriff, no mention being made of counsel.

The evidence shows that many of the docket sheets for other defendants for the year 1940 reflect that defendants were represented by named attorneys. Cf. Ex Parte Stauts, 482 S.W.2d 638 (Tex.Cr.App. 1972), concerning evidence of custom.

The unshaken testimony of the petitioner, testifying in his own behalf, was that he had not been represented by an attorney from the time he was arrested until he was sent to the penitentiary and that he could not afford one because he "didn't have a coin. No, sir." He testified that no one other than the clerk and the sheriff talked to him and told him what to do during the trial. He said that the clerk handed him the jury list and said there were twenty-five names on it. He did not remember whether he or the clerk struck the names of the three jurors. He said he told the clerk he did not know any of the people on

the jury list and the first twelve would be all right. The clerk did not sit with him during the trial, he said, but Sheriff John Palmer sat on one side of him and the Deputy Sheriff sat on the other side.

"No. 8579
The State of Texas
vs.
R. G. Williams

Defendant's Jury List

(1)  1.  T. N. Griffith
(2)  2.  J. B. Knapp
      3.  ~~Geo. Austin~~ (A)
(3)  4.  Ed Thompson
(4)  5.  Roy Thompson
(5)  6.  Ben Coffman
(6)  7.  W. E. Gibson
(7)  8.  R. M. Collins
(8)  9.  C. R. Wortham
     10.  ~~Henry Granberry~~
(9)  11.  J. D. Phillips
(10) 12.  J. F. McGee
     13.  ~~J. W. Tucker~~
     14.  ~~E. A. Langston~~ (Ex)
(11) 15.  D. H. Crummy
(12) 16.  Sam Gaulden
     17.  Melvin King
     18.  Kelley Varner
     19.  C. C. Norris
     20.  J. A. McMichael
     21.  C. C. Karrah
     22.  H. E. Ruddel
     23.  W. H. Hutton
     24.  Roy Kull
     25.  J. M. Bruebaker"

The defendant's jury list in Cause Number 8579, the burglary case, and Cause Number 8580, the assault with intent to rape case, appear in this record as follows:[1]

"No. 8580
The State of Texas
vs.
R. G. Williams

Defendant's Jury List

1.  J. M. Bruebaker
2.  Roy Kull
3.  W. M. Hutton
4.  H. E. Ruddel
5.  C. C. Karrah
6.  J. A. McMichasel (sic)
7.  C. C. Norris
8.  Kelley Varner
9.  Melvin King
10. E. A. Langston
11. J. W. Tucker
12. Henry Granberry"

———◆———

Considering the jury lists and the testimony, it would seem the way in which the jury lists were struck would have little probative value to show that the appellant was represented by counsel.

██ This court is not bound by the findings of the trial court in a habeas corpus proceeding and may make contrary findings when the record will not support the trial court's findings. Ex Parte Young, 479 S.W.2d 45 (Tex.Cr.App.1972).

In Ex Parte Blaine, 472 S.W.2d 514 (Tex.Cr.App.1971), an application for writ of habeas corpus was denied. There, the judgment and sentence were not in the record and the docket sheet named the

1.  Jurors 17 through 25 and the three jurors struck in Cause No. 8579 appear in reverse order on the jury list in Cause No. 8580.

county judge as the attorney representing the defendant. It was said in Ex Parte Blaine, supra, that "The docket sheet was presumably prepared at the date shown thereon and is presumed to be correct and regular in all respects." 472 S.W.2d at 515.

The appellant's testimony is here corroborated by the docket sheets in this and the companion case which give evidence that the appellant was not represented by an attorney. The sentence also gives evidence of the absence of an attorney. The evidentiary value of the docket sheets is enhanced by the showing that many docket sheets in the same period of time in the same court reflect that other defendants were represented by attorneys and it was the custom to note their names on the docket sheet.

It is to be remembered in considering the testimony of the State's only witness, Olivette, that he was the complaining witness in the burglary case and not an entirely disinterested witness.

The evidentiary value of the jury lists and the way they were struck would appear to preponderate in favor of the petitioner, rather than against him.

It is also to be observed that in spite of the length of time which has elapsed, there may have been other witnesses available who attended the trial. These witnesses are not accounted for, except there is some evidence that the sheriff who was present is now dead. The others present were twenty-four jurors, the judge, a clerk, a court reporter, a deputy sheriff and other witnesses whom Olivette said he heard testify at the burglary trial.

As in Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971), no effort was made to controvert the appellant's testimony that he was indigent. If the petitioner was not represented by counsel, a waiver of counsel may not be presumed from a silent record. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

Based on the record before us, we find that the petitioner was tried without counsel in violation of his constitutional rights. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The petitioner's trial was before Gideon v. Wainwright, supra, was decided, however, that case has been held to be fully retroactive. See, e.g., Linkletter v. Walker, 381 U.S. 618, 639, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965) and Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971).

Petitioner is entitled to release from further confinement under the void sentence, but will be delivered to the custody of the sheriff of Bowie County to answer in the indictment in Cause No. 8579.

It is so ordered.

Opinion approved by the Court.