SANDERS, Chief Justice.
In 1960, the Rapides Parish Grand Jury indicted the defendant for aggravated rape in violation of LSA-R.S. 14:42. He subsequently pleaded guilty to the charge without capital punishment. The trial judge sentenced him to life imprisonment. On September 12, 1973, defendant filed a ha-beas corpus proceeding in the trial court, alleging that he was unconstitutionally detained as his plea of guilty was entered without the assistance of counsel in violation of the Sixth Amendment to the United States Constitution. After a denial of his petition by the trial court, defendant applied to this Court for' habeas corpus relief. Since it appeared that the plea was entered without counsel, we ordered an evidentiary hearing in the lower court to determine whether or not the defendant knowingly and voluntarily waived his right to counsel. After the hearing, the trial court again denied relief. Defendant then made application to this Court for writ of certiorari to review the trial court’s ruling on the evidence adduced at the hearing. On March 21, 1975, we granted writs. See La., 309 So.2d 676 (1975).
The sole issue presented is whether the defendant’s 1960 guilty plea was valid even though it was entered without the benefit of counsel. We must determine whether the defendant waived his right to counsel before pleading guilty. The United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), held that counsel must be provided for defendants unable to employ counsel unless the right is competently and intelligently waived by the defendant. The Court later held Gideon to be retroactive. Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971); Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 *14 (1968); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).
In Gideon, the defendant requested the court to appoint counsel for him as he was without funds to afford retained counsel. This circumstance, however, should not make the holding’ inapplicable here. The United States Supreme Court has stated: “(I)t is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request. Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 889, 8 L. Ed.2d 70 (1962). This rule applies to guilty pleas as well as to trials. Uveges v. Pennsylvania, 335 U.S. 437, 441, 69 S.Ct. 184, 93 L.Ed.2d 127 (1948).” In Kitchens v. Smith, supra, the United States Supreme Court again held that a conviction or guilty plea of an indigent without counsel must be set aside and “that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request.” 91 S.Ct. 1089, 1090.
The evidence at the hearing ordered by this Court reveals no waiver by the defendant of his right to counsel. The defendant testified that he was unemployed at that time and did not have sufficient funds to retain counsel. He further testified that he was not advised of his right to counsel, nor was he asked if he could retain a lawyer. Both the trial judge and the district attorney serving when the defendant pleaded guilty stated that it was not customary at that time to offer counsel to a defendant pleading guilty.
The State contends nonetheless that the defendant made an intelligent and knowing waiver of his right to counsel. It relies on the following allegation made by the defendant in an earlier habeas corpus petition :
“Petitioner at the time of his appearance in court felt that he had already been apprehended for a crime and that an attorney chosen by the court would be of no use to him.”
At the hearing below, the State questioned the defendant concerning this allegation. The defendant explained that the petition was prepared for him by another penitentiary inmate from a copy of the court record and that he did not read the petition before signing it.
 The right to counsel is one that the courts zealously guard under constitutional guarantees. This protecting duty imposes a serious responsibility upon the trial judge to determine whether there is an intelligent and competent waiver of counsel before a guilty plea is accepted. Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1937). In our opinion, the allegation in the habeas corpus petition made long after the plea is insufficient to establish an intelligent and competent waiver when no support for a waiver can be found in the evidence relating to the entry of the plea. We hold that because he entered a plea of guilty without benefit of counsel, defendant is entitled to relief from his conviction based on the plea.
For the reasons assigned, the conviction and sentence are set aside, and the case is remanded to the Ninth Judicial District Court for the Parish of Rapides for further proceedings according to law. The defendant is to be retained in custody pending the disposition of the case.