## 30200. BOWEN v. BROWN.

PER CURIAM.

Appellant is presently confined in the Ware Correctional Institute, Ware County, Georgia. He has been sentenced in the following cases:

| County | Date | Offense | Sentence |
|--------|------|---------|----------|
| DeKalb | May 25, 1972 | Theft by Taking | 8 yrs. from imposition |
| Gwinnett | May 30, 1972 | Burglary | 8 yrs. from imposition |
| Gwinnett | May 30, 1972 | Theft by Taking | 8 yrs. from imposition |
| Decatur | May 13, 1974 | Escape | 1 yr. to run consecutive |
| Ware | Aug. 26, 1974 | Possession of Deadly Weapon | 1 year |

He was remanded to custody following a habeas corpus hearing in the Superior court of Ware County where he sought relief from the May 25, 1972 sentence in DeKalb Superior Court because he was not represented by counsel at trial, and the May 13, 1974, sentence in Decatur Superior Court because that sentence was changed, in his absence, to one year consecutive from a previous sentence to three years imposed on January 7, 1974. *Held:*

1. The transcript reveals that prior to the sentence on May 25, 1972, appellant admits he knew he was entitled to an attorney and admits that he waived his right to counsel. His testimony is supported by his statement signed prior to his guilty plea. Gay v. Smith, 294 FSupp. 265; *Kitchens v. Smith,* 226 Ga. 667 (177 SE2d

87) (1970).

2. If appellant was sentenced to one year consecutive on May 13, 1974, he is entitled to attack that sentence by habeas corpus. Gay v. Smith, supra. If indeed, as appellant alleges, this sentence resulted from a re-sentencing after the appellant had commenced serving the original sentence, and after the sentencing court's original term of court had passed, the habeas court should have inquired into the validity of this sentence.

The case is remanded to the trial court to inquire into the validity of the sentence imposed on May 13, 1974, in the Superior Court of Decatur County.

*Judgment affirmed in part and remanded. All the Justices concur, except Undercofler, P. J., and Hall, J., who dissent from Division 2 and from the judgment.*

SUBMITTED SEPTEMBER 3, 1975 — DECIDED OCTOBER 28, 1975.

Rufus E. Bowen, *pro se. James C. Bonner, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General,* for appellee.