**Ex parte Edward J. ROPOLLO.**

No. 53625.

Court of Criminal Appeals of Texas.

Jan. 12, 1977.

Rehearing Denied Jan. 26, 1977.

On State's Motion for Rehearing
Dec. 14, 1977.

Edward J. Ropollo, pro se.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is a post-conviction writ of habeas corpus brought under the provisions of Art. 11.07, V.A.C.C.P. by the petitioner, an inmate of the Texas Department of Corrections.

Petitioner was convicted in Cause no. 124,664 of the offense of robbery by assault, with two prior convictions alleged for enhancement under Art. 63, V.A.P.C., and assessed a life term in the 179th District Court of Harris County on October 31, 1967. Notice of appeal was given but, according to the record, petitioner voluntarily withdrew his notice of appeal in this case.

Petitioner filed an application for writ of habeas corpus with the trial court, alleging, among other things, that the life sentence assessed in this cause was void, since he was not represented by counsel, was indigent, and did not waive counsel during the trial of a prior conviction alleged for enhancement. Petitioner's application for writ of habeas corpus was denied by the trial court, without a hearing or findings of fact and conclusions of law.

Initially, it should be noted that petitioner's application for writ of habeas corpus does "state facts, which if true, would entitle petitioner to relief" inasmuch as he alleges that a void prior conviction was used for enhancement purposes because at the time of the conviction he was without counsel, indigent, and did not waive counsel. See *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *Ex parte Swinney*, Tex.Cr.App. 499 S.W.2d 101; *Ex parte Williams*, Tex.Cr.App., 486 S.W.2d 566.

In addition to petitioner's sworn allegations which have not been controverted by the State, there is attached to petitioner's application filed with the trial court certain records from the Criminal District Court, Parish of Orleans, in Cause No. 169–027 [one of the cases used for enhancement] reflecting that petitioner and a co-defendant entered pleas of guilty to the offense of

armed robbery on April 18, 1961. Punishment was assessed at eight years for both defendants. The records recite that "Fuller [co-defendant] was represented by Mr. Anthony Vesich, Attorney and Ropollo [petitioner] was unrepresented."

Thus, petitioner's undisputed allegations are corroborated by the Louisiana trial court records which affirmatively show that petitioner was not represented by counsel. See *Burgett v. Texas,* supra; *Bray v. State,* Tex.Cr.App., 531 S.W.2d 633. Petitioner has the further burden to show that he was indigent and did not voluntarily waive his right to counsel during this 1961 Louisiana prior conviction. In the instant case, no effort has been made to controvert appellant's pleadings that he was indigent. See *Ex parte Williams,* supra; *Kitchens v. Smith,* 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). Absent an affirmative showing of waiver, the waiver of counsel cannot be presumed from a silent record. See *Ex parte Bird,* Tex.Cr.App., 457 S.W.2d 559. We find that the record supports petitioner's contention that the prior conviction was improperly used for enhancement. See *Ex parte Stauts,* Tex.Cr.App., 482 S.W.2d 638; *Ex parte Williams,* supra; *Ex parte Young,* Tex.Cr.App., 479 S.W.2d 45; *Ex parte Swinney,* supra.[1]

It is the State's position that if the 1961 Louisiana conviction is void, then the sentence can be reformed under Art. 62, V.A.P.C., and would result in no change in petitioner's sentence.

Before a prior conviction can be used for enhancement under Art. 62, supra, it must be shown that that prior conviction was a conviction "of the same offense, or of one of the same nature." In the case at bar, the remaining valid and unchallenged prior conviction used for enhancement in this case was the conviction for the offense of "obtaining narcotic drugs by fraud," a No-

vember 16, 1964, Louisiana conviction in Cause No. 185–447.

It is the State's position that the Louisiana offense of "obtaining narcotics by fraud" is one of the same nature as robbery by assault, the primary offense, and they rely on *King v. State,* 519 S.W.2d 651, which holds that forgery was a similar offense to robbery by assault. We disagree.

Initially, it should be noted that at the time of petitioner's conviction the Texas law incorporated a similar offense to Louisiana's offense of "obtaining narcotics by fraud" in Art. 725b, Sec. 20(1), V.A.P.C., which stated:

"No person shall obtain or attempt to obtain a narcotic drug . . . by fraud, deceit, misrepresentation, or subterfuge . . . .."

It is clear then that the offense of obtaining a narcotic drug by fraud, under Texas law, was classified as a *narcotics offense,* and a conviction for violation of the Narcotic Drug Act is not available for use to enhance punishment under either Arts. 62 or 63, V.A.P.C. See *Heredia v. State,* Tex.Cr.App., 468 S.W.2d 833, and cases cited therein. For this reason, the remaining unchallenged Louisiana conviction is unavailable for enhancement under Art. 62, supra.

Since a jury determined petitioner's punishment in this case, the case cannot be remanded to the trial court for assessment of punishment by the court. It follows that petitioner is entitled to a new trial. See *Ex parte Olvera,* Tex.Cr.App., 489 S.W.2d 586; cf. *Ex parte Hill,* Tex.Cr.App., 528 S.W.2d 125.

Petitioner is entitled to the release from further confinement under the conviction attacked and shall be delivered to the Sheriff of Harris County to answer the indictment in Cause No. 124,664.

---

1. Since petitioner's trial occurred prior to the Supreme Court decision in *Burgett v. Texas,* supra, no claim can be made that petitioner has waived this contention by failing to object at

trial. See *Ex parte Casarez,* Tex.Cr.App., 508 S.W.2d 620; *Ex parte Flores,* Tex.Cr.App., 537 S.W.2d 458.

It is so ordered.

Opinion approved by the Court.

## OPINION

## ON STATE'S MOTION FOR REHEARING

ROBERTS, Judge.

The petitioner filed his application with the trial court. He alleged, *inter alia*, that a Louisiana conviction utilized for enhancement purposes was void and that he was therefore entitled to a new trial. The trial judge issued an order denying the relief requested without an evidentiary hearing because the petitioner did not state sworn facts which, if true, would entitle the petitioner to relief.

On original submission, we held that the petitioner's application did "state facts, which if true, would entitle petitioner to relief," because at the time of the prior Louisiana conviction which was used for enhancement, the petitioner " . . . was without counsel, indigent, and did not waive counsel."

The State's motion for rehearing focuses upon the following portion of the Court's opinion:

"In the instant case, no effort has been made to controvert appellant's [sic., i. e., petitioner's] pleadings that he was indigent. . . . Absent an affirmative showing of waiver, the waiver of counsel cannot be presumed from a silent record."

Although the State concedes that the foregoing is a correct statement, the State contends that the State has never had an opportunity to deny or offer proof contrary to the petitioner's allegations. Thus, the issue that must be addressed is as follows: What is the appropriate procedure where a trial judge ascertains that an application for habeas corpus does *not* contain facts

1. This issue should not arise again in those applications filed in the convicting court after August 29, 1977, since Article 11.07, Vernon's Ann.C.C.P., was amended to provide for notification of the filing of the application to the

which, if true, would render a petitioner's confinement illegal, and does not hold an evidentiary hearing or afford the district attorney or Attorney General an opportunity to answer the sworn allegations of an application, but this Court determines that the application *does* state facts which, if true, would render a petitioner's confinement illegal? [1]

The State contends that Article 11.-07, Section 2(b) is dispositive of this issue. Article 11.07, Section 2(b) states:

"(b) When a petiton for writ of habeas corpus presented to the judge of the convicting court contains sworn allegations of fact, which, if true, would render petitioner's confinement under the felony conviction illegal, the attorney representing the state in said court and the Attorney General of Texas shall be afforded an opportunity to answer such allegations, and if it appears that there are issues of fact which are material on the question of whether the petitioner is illegally restrained which have not been resolved, the petitioner may be granted a hearing on such issues of fact and the judge conducting such hearing shall make and file his findings of fact and conclusions of law."

The foregoing does not support the State's contention. It does, however, provide that the district attorney and the Attorney General shall be given an opportunity to answer the allegations of an application only when the " . . . petition for writ of habeas corpus presented to the judge of the convicting court contains sworn allegations of fact, which, if true, would render petitioner's confinement . . . illegal . . ." It further authorizes a hearing in the trial court to resolve issues of fact. *Cf. Ex Parte Young*, 418 S.W.2d 824, 829 (Tex.Cr. App.1967).

" . . . attorney representing the State . . ." and a fifteen-day period thereafter in which the State may answer the petition. See Acts 1977, 65th Leg., Ch. 789, pp. 1974–75, Section 1.

However, Article 11.07, Section 2(b) must be read in conjunction with Article 11.07, Section 2(a), which states:

"(a) After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas. The writ may issue upon the order of any district judge, and said judge may upon presentation to him of a petition for said writ, set the same down for a hearing as to whether the writ should issue, and ascertain the facts, which facts shall be transmitted to the Court of Criminal Appeals with the return of the writ if same is issued after such hearing. *Provided further, that should such writ be returned to the Court of Criminal Appeals without all the facts deemed necessary by the Court of Criminal Appeals, said court may designate and direct any district judge or judges of this state to ascertain the facts necessary for proper consideration of the issues involved.*"

The last sentence of Section 2(a) is a clear indication that the Legislature anticipated that situations, like the present one, might arise where the trial court had not determined all of the facts necessary for a proper consideration of an application by this Court. Moreover, the recent amendments of Article 11.07, which provide that in *all* cases the clerk of the trial court shall " . . . send a copy of the petition by certified mail, return receipt requested, to the attorney representing the State . . who shall have 15 days in which it may answer the petitioner," and that "[m]atters

alleged in the petition not admitted by the State are deemed denied," are persuasive indicia that the Legislature had previously provided that the district attorney and the Attorney General were entitled to an opportunity to answer the allegations of an application only when the trial judge concluded that an application contained sworn allegations of fact which, if true, would render a petitioner's confinement illegal, or where the trial judge held an evidentiary hearing.

■ Therefore, we are constrained to conclude that Article 11.07, Section 2(b), does not require that the district attorney and the Attorney General be given an opportunity to respond to the allegations of an application for habeas corpus where the trial judge has concluded, without holding an evidentiary hearing, that the petition does *NOT* contain facts which, if true, would render the petitioner's confinement illegal. However, pursuant to Article 11.07, Section 2(a), we abate the appeal and direct the trial judge to ascertain the facts necessary for proper consideration of the issues which the State was not afforded an opportunity to contest.[2] This procedure should provide an opportunity for the State to respond to the petitioner's allegations. Then, if there are unresolved issues of fact material to the legality of the petitioner's confinement, the trial judge should hold an evidentiary hearing on such issues of fact, Article 11.07, Section 2(b), and make and file his findings of fact and conclusions of law. Thereafter, further procedures should be had pursuant to Article 11.07.

The appeal is abated.

**2.** The record is silent as to whether the State received notice that the application or habeas corpus was filed. The State, or so it appears, was not afforded an opportunity to respond to the allegations of petitioner's application at the trial court level. This Court can take judicial notice of our own records which reflect that the State was notified of the application when it was set for submission in this Court. [This notification occurred on October 27, 1976. The State filed its brief on November 12, 1976. On January 12, 1977, this Court granted the relief requested by petitioner. On January 26, 1977, the State filed its motion for rehearing.] The

allegations of fact refuting the petitioner's contentions contained in the State's Motion for Rehearing cannot be considered by this Court. *Ex Parte Lozano*, 542 S.W.2d 408, 410 (Tex.Cr. App.1976). This is true even though this Court is not bound by the findings of the trial judge. *Ex Parte Young*, 479 S.W.2d 45, 46 (Tex.Cr. App.1972). *Cf.* Article 5, Section 5, Constitution of Texas, as interpreted in *Ex Parte Young*, 418 S.W.2d 824, 826 (Tex.Cr.App.1967). The State has therefore completely been denied an opportunity to deny or present evidence contradicting the petitioner's contentions.