UNITED STATES of America, Plaintiff,

v.

**Brien L. GRAY, Defendant.**

**No. 89 CR 20003.**

United States District Court, N.D. Illinois, W.D.

April 18, 1990.

James Zuba, Asst. U.S. Atty., Rockford, Ill., for plaintiff.

William Schirger, Rockford, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ROSZKOWSKI, District Judge.

This action comes before the Court on defendant Brien L. Gray's motion to preclude the government's use of certain prior convictions for purposes of enhancement. For the reasons set forth in the opinion below, this Court finds two of the prior convictions to have been based on unconstitutional guilty pleas. Further, this Court grants defendant's motion to preclude the use of the two prior convictions for enhancement purposes and will sentence the defendant solely on the gun possession charge for which the defendant was found guilty before this Court.

## I. BACKGROUND

A federal grand jury returned an indictment against Brien L. Gray on February 7, 1989 charging him with possession of a firearm in or affecting commerce after having been convicted of a felony, in violation of 18 U.S.C. § 1202(a)(1), Appendix II (repealed 1986).[1] Defendant's criminal trial commenced on October 2, 1989 and a jury verdict of guilty was returned on October 3, 1989.

The government has stated that it intends to seek enhancement of defendant's sentence pursuant to 18 U.S.C.App. § 1202(a)[2] based on four prior felony con-

---

1. 18 U.S.C.App. § 1202(a)(1) was repealed in November, 1986. The present codification of the criminal statute which encompasses the same or similar conduct is found at 18 U.S.C. § 924(e)(1).

2. The present codification of the enhancement provisions applicable to the defendant are found at 18 U.S.C. § 924(e)(1). That statutory provisions states as follows:

   In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violaent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under

   section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

   18 U.S.C. § 924(e)(1). The statute further provides that

   the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquincy involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

   (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

   18 U.S.C. § 924(e)(2)(B).

victions under the laws of the State of Texas.

Defendant argues in his post-trial briefs as well as at oral argument before this Court that no enhancement ought to be allowed based on the fact that two of the convictions were based on guilty pleas which were not voluntary or knowing, and were therefore unconstitutional.

The record of conviction from Wichita County, Texas states that the defendant was indicted for burglary on January 14, 1965, and was brought before a judge, on February 18, 1966.[3] In the certified copies of the prior convictions, this Court takes notice of the following.

Government's Exhibit A contains the record of the 1966 burglary conviction in Wichita County, Texas. In that record of conviction, the papers indicate that the defendant was indicted for "unlawfully, by force, threats, and fraud, break and enter *a house* there situated and occupied and controlled by one Jack Moore." However, according to defendant's uncontroverted testimony of February 21, 1990, defendant has stated that the conduct which led to that particular conviction consisted of entering into a commercial building, specifically a drive-in restaurant. Therefore, the indictment appears to be factually inconsistent with defendant's testimony.

Second, and relating again to the 1966 burglary conviction, the problem with the factual accuracy of the indictment is compounded by the failure of the state trial court to elucidate from the State or the defendant, or set down on its own, the factual basis for the entry of the plea of guilty by the defendant. Government's Exhibit B contains the record of the 1967 conviction for burglary in Collin County,

Texas. Defendant appeared on April 28, 1967 before the state court in Collin County, Texas for entry of a judgment and sentencing. All the papers relating to the 1967 burglary conviction refer to the "charge contained in the indictment"; however, no copy of the indictment was included with the record of conviction. Therefore, as with the 1967 guilty plea, the record contains no evidence of the factual basis upon which the guilty plea was taken.

In addition, the Judgment states that the defendant "in person and in writing in open court having waived his right to trial by jury, such waiver being with the consent and approval of the County Attorney of Collin County, Texas, in writing, signed by him, *and filed in the papers of this cause* before the Defendant entered his plea herein...." However, no such waiver form has been provided to this Court as a part of the record. Lastly, the record of conviction for the 1967 burglary conviction contains papers relating to the 1966 conviction. Those papers allege that the defendant violated his parole terms from the 1966 conviction by "committing the offense of burglary, a felony, April 28, 1967, in Collin County, Texas...." If this document is correct, defendant was arrested, convicted and sentenced all on the same day.

## A. Defendant's Testimony of February 21, 1990

Defendant testified in open court on February 21, 1990 about the facts and circumstances which resulted in the 1966 and 1967 guilty pleas entered into in the State of Texas. Some discussion of defendant's testimony is essential to this Court's task as defendant's testimony and the record of convictions [4] is all that this Court has to

---

**3.** Amazingly, it appears that the defendant was brought before a judge *for the first time* thirteen months after the indictment was handed down. At the appearance before the judge who eventually took his plea on February 18, 1966, defendant still had not been appointed an attorney for his defense. This would indicate that he had not yet been presented before a judge.

**4.** On April 12, 1990, the government filed some additional papers with the Court consisting of an attorney's affidavit setting forth the normal

practice of the district attorney in taking a plea of guilty. The attorney's affidavit is from Mr. Scott Bradley, Esq., who was the prosecuting district attorney assigned to the Gray case concerning two armed robberies which took place on April 29, 1968, and for which defendant Gray pled guilty on June 28, 1968. First, and most important, these guilty pleas were not the subject of attack by the defendant in his motions to preclude enhancement. Secondly, Attorney Bradley's affidavit only speaks to what the normal practice was in taking a guilty plea, with no

inform the Court on the instant enhancement question.

### 1. The 1966 Burglary Conviction

On February 21, 1990, the defendant testified in open court regarding the 1966 conviction from the State of Texas. The defendant's testimony recounted that on or about February 18, 1966, defendant was brought before a state court judge in Wichita Falls, Wichita County, Texas, on charges of burglary. (Def. Transcript at 5). Defendant testified that the judge asked whether defendant had an attorney and he responded that he did not have one. Defendant further testified that the judge appointed defendant an attorney. The attorney then conferred with the District Attorney and informed the defendant that he could receive a three-year probation term if he pled guilty and defendant then pled guilty. (Def. Transcript at 5). Defendant testifies that he was not shown the information that the State of Texas had against him, told of the consequences of his plea either by his attorney or the judge, told that he had a right to trial by jury, told that he had a right to confront witnesses, or told that he had a right to remain silent. (Def. Transcript at 5–6). Defendant further testified that he was not allowed an opportunity to attempt to contact his family or to arrange for private counsel. (Def. Transcript at 7).

Finally, defendant testified that prior to or at the hearing, he did not have an understanding of the rights which he now alleges were not explained to him and that as a black man in Texas in 1966, he did whatever his attorney told him to do. (Def. Transcript at 14, 15, 16, 18).

### B. The 1967 Burglary Conviction

Defendant also testified on February 21, 1990 regarding the second felony conviction for burglary which occurred on April 28, 1967. The defendant's testimony recounted that on or about April 28, 1967, defendant was brought before a state court judge in Plano, Collin County, Texas, on

reference to the defendant's plea. For these reasons, the government's supplemental papers

charges of burglary. (Def. Transcript at 9). Again, defendant's testimony suggests that defense counsel was appointed on the day of defendant's appearance before the state court. Evidently pursuant to some discussion with the prosecution, defendant's counsel told him if he pled guilty, he would receive a three year sentence which would run concurrent with his previously entered probationary period in the Wichita County conviction. He was also told that if he did not plead guilty, he would go before the "hanging judge and probably get 12 years." (Def. Transcript at 10). Defendant further testified that he was not read certain rights, specifically his right to trial by jury, his right to confront witnesses, his right to remain silent or his right to subpoena witnesses on his behalf. In addition, defendant testified that the consequences of his plea were not discussed nor explained to him. (Def. Transcript at 11–12).

## II. DISCUSSION

■ The necessary inquiry for the district court in circumstances involving collateral attack of the constitutionality of prior convictions in a sentence enhancement setting appears to be as follows. First, the court must determine whether the conduct alleged actually rises to the level of a constitutional violation. Second, the district court must determine whether the constitutional principle upon which the violation has occurred should be applied retroactively.

■ The United States Supreme Court has consistently held that where a presumptively unconstitutional conviction is obtained, that conviction cannot be used to enhance a subsequent criminal sanction pursuant to an habitual criminal statute. For example, in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the rule was established that the sixth amendment, as applicable to the states through the fourteenth amendment, provides an absolute right to counsel in all felony cases in state court absent a valid

are of little value in this Court's decision on the instant enhancement question.

waiver.[5] Any conviction obtained in the absence of counsel and absent a valid waiver is presumptively unconstitutional and invalid.

Subsequently, in *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the Supreme Court stated that "[t]o permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt *or enhance punishment for another offense* ... is to erode the principle of that case." *Id.* at 115, 88 S.Ct. at 262 (emphasis added and citation omitted).[6] Two years after the decision in *Burgett*, the Supreme Court, in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), stated that

> [t]he requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. In *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question

of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. *Douglas v. Alabama*, 380 U.S. 415, 422, 85 S.Ct. 1074, 1078, 13 L.Ed.2d 934.

Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. *We cannot presume a waiver of these three important federal rights from a silent record.*

What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. *When the judge discharges that function, he leaves a record adequate for any review that may be later sought (Garner v. Louisiana, 368 U.S. 157, 173, 82 S.Ct. 248, 256, 7 L.Ed.2d 207; Specht v. Patterson, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326), and forestalls the spin-off of collateral proceedings that seek to probe murky memories.*

*Boykin v. Alabama*, 395 U.S. at 242–44, 89 S.Ct. at 1712–13 (emphasis added).

---

**5.** The validity of any waiver can be determined in accordance with the dictates of the United States Supreme Court in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). That case stated as follows:

> The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the

right to counsel, whether there is a proper waiver should be clearly determined by the trial court, *and it would be fitting and appropriate for that determination to appear upon the record.*

*Id.* 58 S.Ct. at 1023 (emphasis added).

**6.** The Seventh Circuit first upheld the right of criminal defendant to challenge the validity of a prior conviction which gives rise to enhancement of a criminal sanction in *United States v. Martinez*, 413 F.2d 61, 63–64 (7th Cir.1969) relying at least in part on the Supreme Court's decision in *Burgett*.

It appears clear to this Court that the general principle enunciated by the United States Supreme Court in the abovementioned cases, as well as others, is that where a basic constitutional protection afforded a criminal defendant is alleged to have been violated, that prior conviction may be attacked either on direct appeal or on collateral review in a sentence enhancement setting such as the one before this Court in the instant case. Although seemingly obvious, the necessary import of this holding is that where a criminal defendant adequately raises questions regarding the constitutionality of a prior conviction, the court must undertake a review of that prior conviction.[7]

Brien Gray now attacks the 1966 and 1967 burglary convictions on the grounds that his pleas of guilty in those cases were neither voluntary nor intelligent as those terms are now understood. *See Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) quoting *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970).

## A. Constitutionality of Defendant Gray's 1966 and 1967 Guilty Pleas

The conduct which resulted in the convictions on the burglary counts were essentially unlawful trespass onto certain commercial properties.[8] Defendant would testify that in the legal proceedings which culminated in his guilty plea (1) he was denied effective assistance of counsel as his appointed defense counsel did not ap-

---

**7.** It should be particularly noted that this Court has endeavored and been unable to ascertain on whom the burden of proof lies as to this particular issue. Common sense dictates that the burden should be on the defendant to establish the unconstitutionality of the prior conviction. In support of that contention, this Court has been able to find only a few ambiguous Supreme Court pronouncements.

In *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), the Supreme Court stated in a footnote that

the Court of Appeals ... did not rest its decision on a finding that the petitioner had failed to meet his burden of proving the invalidity of the prior convictions.... There is thus no basis in the record upon which we may either dismiss the case or affirm the decision below on the ground that the petitioner did not meet his burden of proving that the prior convictions were invalid.

*Loper,* 405 U.S. at 479 n. 6, 92 S.Ct. at 1017 n. 6. And in *Kitchens v. Smith,* 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971), the Supreme Court held that the petitioner had sufficiently proved on collateral attack that he was without counsel due to indigency despite the fact that the petitioner had "introduced no evidence other than his own testimony." *Kitchens,* 401 U.S. at 849, 91 S.Ct. at 1090.

**8.** The defendant has also raised on his behalf a motion to deny enhancement on the theory that the conduct involved in the two burglary convictions did not come under the common law definition of burglary as neither of those occurrences related in any way to a dwelling house or residential property. Defendant opines that the inherently violent and dangerous nature of a burglary relates to the fact of entry into a residential dwelling. *See, e.g., United States v. Dombrowski,* 877 F.2d 520 (7th Cir.1989) (held that Congress, in enacting 18 U.S.C. § 924(e)(1)

intended to define burglary as it had been defined in the predecessor statute, 18 U.S.C. § 1202(a), to wit: "any felony consisting of entering or remaining surreptitiously within a building that is property of another with intent to engage in conduct constituting a Federal or State offense").

Therefore, because this burglary conviction related to commercial property and does not fit into the common law definition of burglary, it was not anticipated as a predicate offense for enhancement purposes and should be disallowed for such purposes. While this Court might be inclined to agree with defendant's position, the Court declines to rule on the issue as there is no necessity to do so in order to resolve this case. Because the court rules that the prior convictions do not withstand constitutional scrutiny for purposes of serving as predicate offenses under an enhancement statute, there is no need to rule on defendant's argument concerning whether defendant's burglary conviction was consistent with the common law notions of burglary.

In addition, as stated in the opinion above, the certified copies of the defendant's prior convictions do not state anywhere what the underlying facts were which supported the acceptance of the guilty plea from the defendant. The extent of the information provided on those certified papers relating to the crime is the name of the owner of the property involved. The information is just too sparse at this point to even consider making a legal determination as to the definitional nature of the prior convictions and the legal effect those convictions ought to have in the instant circumstances. This is especially true where the information available in the record provides so little factual background and guidance with which a determination could be made on those issues.

prise him of the consequences of the guilty plea, and (2) his guilty plea was not intelligently and knowingly made and consequently was involuntarily made because the judge never apprised the defendant of his right to a trial by jury, his right to subpoena witnesses, his right against self-incrimination, and his right to confront his accusers.[9]

■ The government argues that the record of conviction provided to the Court establishes the constitutionality of defendant's state court convictions because the documents indicate waiver on their face. The government is correct at least to the extent that the record of convictions provided to the Court provide some *prima facie* evidence relating to the issues of waiver. To the extent the documents do provide a *prima facie* case of constitutionality, the burden shifts to the defendant to show some constitutional infirmity.

■ However, and as the Court has already pointed out, the documents provided to the Court demonstrate certain inconsistencies, factual inaccuracies and missing pieces. Therefore, this Court concludes that the documents included in the records of convictions does not provide a solid *prima facie* case of constitutionality with regard at least to the waiver question. The boilerplate language contained in those document is insufficient for this Court.

■ In addition, this Court had the opportunity to hear the testimony of the defendant at the February 21, 1990 evidentiary hearing and observe his demeanor in court. The Court credits defendant's testimony as being credible. Based on the inconsistencies in the documents which have been presented by the government in support of their application for enhancement, the historical realities present at the time of these convictions, and the noted believability of Brien Gray's testimony, this Court respectfully declines to base enhancement on such evidence.

**B. Retroactive Application**

In the instant case, all but one of the constitutional principles enunciated herein were identified by the Supreme Court subsequent to the conduct and convictions which form the basis of the government's motion for enhancement. The Supreme Court's enunciation of the applicability of the fifth amendment prohibition against compulsory self-incrimination was identified in 1964, *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), and the sixth amendment rights to counsel and to confront and cross-examine witnesses were identified in 1965, *Pointer v. State of Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). While the Supreme Court's determination in *Duncan v. Louisiana*, 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), providing a right to trial by jury in state actions was enunciated in 1968, it does not provide a retroactivity problem for this Court. As the other rights were identified prior to defendant's convictions, this Court really has no reason to reach the retroactivity question. Therefore, for purposes of this Court's sentencing determination, this Court has no issue regarding retroactivity before it.

### CONCLUSION

For the reasons set forth in the opinion above, this Court respectfully declines the government's invitation to enhance the sentence of Brien L. Gray based on the prior 1966 and 1967 convictions in Wichita and Collin County, Texas. Because this leaves the defendant with only two prior predicate offenses, this Court will sentence the defendant solely based on the instant 1989 conviction in federal court.

9. Parenthetically, this Court notes that defendant's offer of proof also included statements to the effect that, as a black man in Dallas, Texas in 1966 and 1967, defendant had no practical or realistic choice either than agreeing to the guilty plea and accepting the court's sentence.