IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1675-03






GODFREY VANN MILLER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


LEON COUNTY





 Price, J., delivered the opinion of the Court, in which Keller, P.J., and
Meyers, Womack, Johnson, Keasler, Hervey, and Cochran, JJ., joined. 
Holcomb, J., dissents. Meyers, J., filed a concurring opinion. Johnson, J., filed a
concurring opinion.


O P I N I O N 



 We granted the appellant's petition for discretionary review to decide whether the
court of appeals erred in concluding that the appellant's written notice of appeal had not
been timely filed and therefore erred in dismissing the appellant's appeal without
considering the merits of said appeal. Because the record does not show that the
appellant timely filed his notice of appeal with the trial court clerk, we hold that the court
of appeals did not err. We shall affirm.

 The appellant pled guilty to felony driving while intoxicated, and the trial court
placed the appellant on five years' community supervision. The trial court later revoked
the appellant's community supervision and imposed a sentence of four years'
imprisonment on September 23, 2002. Because the appellant did not file a motion for
new trial, his notice of appeal was due on October 23, 2002. 

 The docket sheet in the clerk's record includes a notation by the trial court, dated
September 23, 2002, which states, "Defendant gives notice of appeal. Bond set at
$8,000.00." The record also reflects that the appellant's counsel served the State on the
same date and that the State's attorney did not object to the granting of bond. 

 The notice of appeal in the clerk's record, however, is file-stamped by the trial
court clerk on November 25, 2002. The stamp contains blanks that were filled in by
hand, indicating the date and signed by G. McCarty. (1) The document immediately
preceding the notice of appeal in the clerk's record is the appellant's request for
preparation of the reporter's record. The transmittal letter is dated November 21, 2002,
and it is file-stamped on November 25, 2002, by G. McCarty. Nothing in the record
reflects that written notice of appeal was ever filed with the trial court clerk on September
23, 2002.

 The clerk of the court of appeals sent a letter to the appellant's counsel on June 5,
2003, because the file stamp on the notice of appeal in the record indicated that it had
been filed late. The letter informed counsel that the appeal was subject to dismissal for
want of jurisdiction because the notice of appeal had been untimely filed. 

 According to the court of appeals's opinion, counsel responded by letter June 12,
2003, stating

 I have no explanation as to why the District Court Clerk's file shows a
filing date of November 25, 2002 as opposed to September 23, 2002. 
However, I assure the court that such notice was indeed filed on September
23, 2002. This notice was filed at the time of sentencing, and the posting of
an appeal bond. In fact I am confident Judge Ernst entered such notice on
the docket sheet. (2) 

Counsel referenced the certificate of service in the notice of appeal, which states that
counsel served the State's attorney with a copy of notice on September 23, 2002. Counsel
also attached an affidavit stating that "I now state under oath that written notice of appeal
was filed in the 12th Judicial District Court on September 23, 2002." The certificate is
silent regarding any date of filing with the trial court clerk. 

 The court of appeals held that the appellant did not timely file a notice of appeal
with the trial court clerk and dismissed the appeal for want of jurisdiction. (3) 

 Texas Rule of Appellate Procedure 25.2(c)(1) provides that a defendant perfects
his appeal by notice of appeal, which must be given in writing and filed with the trial
court clerk. (4) The rule specifically requires that the notice of appeal be filed with the trial
court clerk.

 In his petition for discretionary review, the appellant quotes an affidavit from the
district clerk that he claims undermines the file-stamp date on the notice of appeal. This
affidavit is not a part of the record on appeal and cannot be considered. (5) 

 The appellant claims in his brief that the trial court clerk did not timely file stamp
the notice of appeal. The appellant argues that the court of appeals overlooked the fact
that the docket sheet indicates that the trial judge and the State received the notice of
appeal and that the trial judge set an appeal bond. He concludes that "It is beyond belief
that counsel would be so cautious as to have a bond prepared the day before sentencing,
prepare a cover letter to the District Attorney and somehow overlook a timely notice of
appeal with the clerk."

 In support of his arguments, the appellant cites cases in which this Court has
looked to docket sheets to corroborate certain facts. (6) Although the docket sheet
corroborates the appellant's claim that he gave his notice of appeal to the trial judge and
that an appeal bond was set, it does not indicate that notice of appeal was filed with the
trial court clerk. 

 The appellant, in his petition and brief on discretionary review, does not argue that
giving the notice of appeal to the trial judge is the same as giving it to the trial court clerk. 
The Court of Appeals noted in its opinion that the appellant seems to argue that he
satisfied the requirements of Rule 25.2(c)(1) by giving written notice of appeal to the
judge. It held that Rule 25.2(c)(1) does not permit a defendant to perfect appeal in this
manner. Because this issue was not raised by the appellant in his petition for
discretionary review, it is not before us. We reserve this question for another day. 

 The record before us does not support the conclusion that the written notice of
appeal was filed with the trial court clerk before the expiration of the time for filing a
notice of appeal in this case. The file stamp on the notice of appeals and its proximity to
the request for preparation of the record stamped on the same day indicate that the notice
was not filed with the trial court clerk until November 25, after the expiration of the
period for filing the notice. The record before us indicates that the notice of appeal was
not timely filed, and the court of appeals did not err in dismissing the appeal for want of
jurisdiction.

 The judgment of the court of appeals is affirmed.


Delivered: October 26, 2005.

Do Not Publish.
1. The stamp indicates that Gloria McCarty is the clerk of the district court in Leon County.
2. Miller v. State, No. 10-03-00089-CR, slip op., at 2, 2003 Tex. App. LEXIS 6005 (Tex.
App.--Waco, delivered July 9, 2003) (not designated for publication). Counsel's letter does not
appear in the record, though excerpts are quoted in the court of appeals's opinion.
3. Id. slip op., at 3.
4. Tex. R. App. P. 25.2(c)(1).
5. This affidavit is not attached to the appellant's petition for discretionary review and does
not appear elsewhere in the record. "It is a long standing principle that we cannot review
contentions which depend upon factual assertions outside of the record." Janecka v. State, 937
S.W.2d 456, 476 (Tex. Crim. App. 1996).
6. See, e.g., Ex parte Lemay, 525 S.W.2d 1, 3 (Tex. Crim. App. 1975) (holding that docket
sheet corroborating the defendant's testimony that counsel was appointed overcame recitations in
the judgment); Ex parte Blaine, 472 S.W.2d 514, 515 (Tex. Crim. App. 1971) (holding that the
defendant had been represented by counsel because the docket sheet showed that he had been).